# LEE *v.* CENTRAL OF GEORGIA RAILWAY COMPANY ET AL.

CERTIORARI TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 150.   Argued January 16, 1920.—Decided March 1, 1920.

A rule of state pleading and practice, applied without discrimination to cases of personal injury arising under the federal and state employers' liability laws, which prevents an injured employee from suing jointly, in a single count, the railroad company under the federal statute and a co-employee at common law, does not in fringe any right of such plaintiff derived from the federal statute. P. 110.

21 Ga. App. 558, affirmed.

THE case is stated in the opinion.

*Mr. Alexander A. Lawrence,* with whom *Mr. Wm. W. Osborne* was on the briefs, for petitioner.

*Mr. H. W. Johnson,* with whom *Mr. T. M. Cunningham, Jr.,* was on the brief, for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

An injured employee brought an action in a state court of Georgia jointly against a railroad and its engineer, and sought in a single count, which alleged concurring negligence, to recover damages from the company under the Federal Employers' Liability Act, and from the individual defendant under the common law.   Each defendant filed a special demurrer on the ground of misjoinder of causes of action and misjoinder of parties defendant.   The de-

murrers were overruled by the trial court. The Court of
Appeals—an intermediate appellate court to which the
case went on exceptions—certified to the Supreme
Court of the State the question whether such joinder was
permissible. It answered in the negative (147 Georgia,
428). Thereupon the Court of Appeals reversed the judg-
ment of the trial court (21 Ga. App. 558); and certiorari
to the Supreme Court of the State was refused. The
plaintiff then applied to this court for a writ of certiorari
on the ground that he had been denied rights conferred
by federal law; and the writ was granted.

Whether two causes of action may be joined in a single
count or whether two persons may be sued in a single
count are matters of pleading and practice relating solely
to the form of the remedy. When they arise in state
courts the final determination of such matters ordinarily
rests with the state tribunals, even if the rights there
being enforced are created by federal law. *John* v. *Paul-
lin,* 231 U. S. 583; *Nevada-California-Oregon Railway* v.
*Burrus,* 244 U. S. 103. This has been specifically held in
cases arising under the Federal Employers' Liability Act.
*Minneapolis & St. Louis R. R. Co.* v. *Bombolis,* 241 U. S.
211; *Atlantic Coast Line R. R. Co.* v. *Mims,* 242 U. S. 532;
*Louisville & Nashville R. R. Co.* v. *Holloway,* 246 U. S.
525. It is only when matters nominally of procedure are
actually matters of substance which affect a federal right,
that the decision of the state court therein becomes sub-
ject to review by this court. *Central Vermont Ry. Co.* v.
*White,* 238 U. S. 507; *New Orleans & Northeastern R. R. Co.*
v. *Harris,* 247 U. S. 367.

The Federal Employers' Liability Act does not modify
in any respect rights of employees against one another
existing at common law. To deny to a plaintiff the right
to join in one count a cause against another employee
with a cause of action against the employer, in no way
abridges any substantive right of the plaintiff against the

employer.   The argument that plaintiff has been discriminated against because he is an interstate employee is answered, if answer be necessary, by the fact that the Supreme Court of Georgia had applied the same rule in *Western & Atlantic R. R. Co.* v. *Smith,* 144 Georgia, 737 (22 Ga. App. 437), where it refused under the State Employers' Liability Act to permit the plaintiff to join with the employer another railroad whose concurrent negligence was alleged to have contributed in producing the injury complained of.   If the Supreme Court of Georgia had in this case permitted the joinder, we might have been required to determine whether, in view of the practice prevailing in Georgia, such decision would not impair the employer's opportunity to make the defences to which it is entitled by the federal law.   For, as stated by its Supreme Court in this case (147 Georgia, 428, 431):   "If the carrier and its engineer were jointly liable under the conditions stated in the second question, a joint judgment would result against them, and they would be equally bound, regardless of the fact that the duties imposed upon them are not the same.   The jury would have no power in such a case to specify the particular damages to be recovered of each, since Civil Code, § 4512 [providing for verdicts in different amounts against the several defendants] is not applicable to personal torts."

But we have no occasion to consider this question. Refusal to permit the joinder did not deny any right of plaintiff conferred by federal law.   Cases upon which petitioner most strongly relies, *Southern Ry. Co.* v. *Carson,* 194 U. S. 136; *Alabama Great Southern Ry. Co.* v. *Thompson,* 200 U. S. 206; *Southern Ry. Co.* v. *Miller,* 217 U. S. 209, are inapplicable to the situation at bar.

*Affirmed.*