[No. 26073. *En Banc.* September 13, 1937.]

FRANK X. SCHOSBOEK, *Respondent,* v. CHICAGO, MIL-
WAUKEE, ST. PAUL AND PACIFIC RAILROAD
COMPANY *et al., Appellants.*[1]

*A. N. Whitlock, O. G. Edwards,* and *A. J. Laughon,*
for appellants.

*Wright & Wright* and *Padden & Moriarty,* for re-
spondent.

[1]Reported in 71 P. (2d) 548.

426

HOLCOMB, J.—On petition for rehearing, respondent urges the decision in *Schosboek v. Chicago, M., St. P. & Pac. R. Co.*, 188 Wash. 672, 63 P. (2d) 477, 90 A. L. R. 846, should be modified for the following reasons: (1) It did not take cognizance of respondent's contention as to the unconstitutionality and invalidity of chapter 28 of the Laws of 1917, p. 76, because of defectiveness in the title, and of which Rem. Rev. Stat., § 7693 [P. C. § 3486] (Laws 1917, chapter 28, § 19, p. 96), is a part. (2) Respondent is entitled to an affirmance of the judgment of the trial court against appellant Hall.

We consider all questions, Federal and state, were correctly decided except the second question urged in the petition for rehearing.

It now becomes necessary to inquire as to the right of an employee of a common carrier to sue a third person, a coemployee in the instant case, under the Federal employers' liability act (1906) 34 Stat. 232, and as amended (1908) 35 Stat. 65 (45 U. S. C. A. § 51), (1910) 36 Stat. 291 (28 U. S. C. A. § 71). An examination of the Federal employers' liability act discloses that it is silent in regard to actions by an injured employee against third parties. Hence, Congress clearly intended to preserve the common law right of action by an injured employee against third parties by not expressly abrogating the same. *New York Central R. Co. v. Winfield*, 244 U. S. 147, 37 S. Ct. 546, Ann. Cas. 1917D, 1139.

"The Federal Employers' Liability Act does not modify in any respect rights of employees against one another existing at common law. To deny to a plaintiff the right to join in one count a cause against an-

other employee with a cause of action against the employer, in no way abridges any substantive right of the plaintiff against the employer." *Lee v. Central of Georgia R. Co.,* 252 U. S. 109, 40 S. Ct. 254.

See, also, *Cott v. Erie R. Co.,* 231 N. Y. 67, 131 N. E. 737 (citing the above case and others).

■ In view of the fact that the common law right of action of an employee against a third party was not impaired by the Federal employers' liability act, the three year statute of limitations is applicable to appellant Hall. Rem. Rev. Stat., § 159 [P. C. § 8166].

■ Respondent was manifestly entitled to join Hall as a party defendant under the facts here. In this state, it has never been questioned that master and servant may be sued jointly, but has usually been assumed. *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6, 36 A. L. R. 1132; *Poundstone v. Whitney,* 189 Wash. 494, 65 P. (2d) 1261.

■ The doctrine of *respondeat superior* is not decisive of this case and the release of the master does not release the servant. It is conceded that, if only the negligence of Hall in negligently watering the bricks were involved and there were no independent negligence on the part of the railroad, that a verdict exonerating the master would also exonerate the servant. *Sipes v. Puget Sound Electric Ry.,* 54 Wash. 47, 102 Pac. 1057; *Curtis v. Puget Sound Bridge & Dredging Co.,* 133 Wash. 323, 233 Pac. 936. That result does not follow in this case, inasmuch as the running of the two year statute of limitations is the only reason the railroad company is not liable.

The judgment herein is accordingly modified so as to affirm the judgment of the trial court with respect to Hall but in all other respects remains as heretofore entered.

Respondent is awarded costs as against appellant Hall.

STEINERT, C. J., MAIN, BLAKE, TOLMAN, BEALS, GERAGHTY, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—The right to recovery under the Federal employers' liability act arises only where the injury is suffered *while* the carrier is engaged in interstate commerce *and while* the employee is employed by the carrier in such commerce. *Pedersen v. Delaware, L. & W. R. Co.*, 229 U. S. 146, 33 S. Ct. 648, Ann. Cas. 1914C, 153; *Chicago & Northwest R. Co. v. Bolle*, 284 U. S. 74, 52 S. Ct. 59; *New York, N. H. & H. R. Co. v. Bezue*, 284 U. S. 415, 52 S. Ct. 205, 77 A. L. R. 1370.

I question the constitutionality of the act (Rem. Rev. Stat., § 7693) if it be construed as an attempt to place intrastate employees of an interstate carrier under the provisions of the Federal employers' liability act.

If the proviso upon which the majority rely be correctly construed—it surely does not add a class of employees which is not included in the body of the statute—respondent was not at the time of his injury performing an act of interstate or intrastate commerce in saving domestic coal of appellant railroad company; therefore, not being hurt while employed by a carrier which was at the time engaged in interstate or intrastate commerce, the three year statute of limitation is applicable to both appellants.

The judgment should be affirmed against both appellants.