Boyd D. STARK and Paul Sweeney,
Plaintiffs,

v.

BURLINGTON NORTHERN, INC., a
corporation, Defendant.

Civ. A. No. 82–Z–249.

United States District Court,
D. Colorado.

May 12, 1982.

David B. Kiker, Morrisard & Rossi, P. C., Aurora, Colo., for plaintiffs.

John L. Pilon, Denver, Colo., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WEINSHIENK, District Judge.

This matter is before the Court on the Plaintiffs' Motion for Summary Judgment. This Court has jurisdiction under 28 U.S.C. § 1331 and 45 U.S.C. § 60. *Hendley v. Central of Georgia R. Co.*, 609 F.2d 1146, 1151 (5th Cir. 1980), reh. den. 614 F.2d 294 (5th Cir. 1980); and cert. den. 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981).

█ The sole issue is whether plaintiff Stark's conduct was protected activity under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. § 60. Plaintiff Stark asserts that his actions constituted "furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any [railroad] employee," and thus fell within the protection of § 60. He requests that the railroad be enjoined from disciplining or discharging him for his actions. The defendant railroad claims plaintiff Stark's conduct exceeded the bounds of statutory protection and became an investigation which violated the railroad's rules concerning employee disloyalty.

Plaintiff Stark is a conductor employed by the defendant Burlington Northern. He was asked if he could identify the persons in a photograph by an investigator for a law firm. The investigation involved the death of plaintiff Sweeney's wife, a Burlington Northern employee whom Stark did not know. Stark could not identify the persons in the photograph. If he had been able to do so, however, both parties agree his identification would have been protected conduct under § 60. Instead, Stark voluntarily returned to the investigator and offered to attempt to learn the identity of the photographed persons. Stark took the photographs to the same police station from which the negatives had been obtained earlier by the investigator. A police officer identified one of the persons and suggested that Stark contact another railroad employee to identify the others. Stark did so before returning to report what he had learned to the investigator. His inquiries to the police and the railroad employee took less than thirty minutes.

This Court previously entered a preliminary order enjoining the defendant from dismissing or otherwise disciplining plaintiff Stark. Subsequently, the defendant informed the Court that it had no further evidence to present. Thus, having considered the pleadings, the briefs, the transcript of the railroad hearing, and the relevant statutory and case law, the Court is fully advised and prepared to rule.

█ Since the statute, 45 U.S.C. § 60, does not establish what are the criteria for protected conduct, other than that protected conduct does not include the disclosure of privileged or confidential materials, the Court must look to the statutory purposes. The intent of the section was to attempt to equalize the access to information available to the highly efficient claim departments of the railroads and to the individual F.E.L.A. claimants, and to prohibit the promulgation and enforcement of rules which would inhibit the free flow of information to claimants. *See* Senate Report No. 661, 76th Cong., 1st Sess. 2, 5 (1939). Its authors recognized the danger "that railroad agents would coerce or intimidate employees to prevent them from testifying." *Hendley, supra,* at 1150. The broad prohibition, "by threat, intimidation, order, rule, contract, regulation or device," indicates that § 60 was designed to prevent any direct or indirect chill on the availability of information to any party in interest in an F.E.L.A. claim. Therefore, the Act is to be read liberally. *Stack v. Chicago, M.St. P. & P. R. Co.*, 94 Wash.2d 155, 615 P.2d 457 (1980).

In *Hendley, supra,* a railroad employee was subject to company disciplinary proceedings for conduct that was alleged to have been in excess of the protections of § 60. The employee, at the request of an F.E.L.A. claimant, met the claimant and his attorney at a railroad yard to describe the layout and operation of the yard. The claimant's attorney took some photographs, and the employee and the attorney stepped up on an engine to speak to workers operating it. These actions were held to have been protected conduct under § 60. *Hendley, supra,* at 1153.

In *Brotherhood of Railway & Steamship Clerks, Freight Handlers Express and Station Employees v. Atlantic Coastline Railroad Co.*, 253 F.2d 753 (4th Cir. 1958), a railroad employee was held to have been properly discharged for disloyalty for entering the company offices at night after hours and bringing with him a photographer to take photographs to be used against the company in litigation brought by another employee. It was not a § 60 case, but can be cited to illustrate conduct outside the protective bounds of § 60.

In establishing the criteria for protected conduct that falls within the statutory language of "furnishing voluntarily information," a balancing test must be used. On one side are the goals of § 60 in promoting free and equal access of information to F.E.L.A. claimants. On the other side are the railroad's legitimate interests in the loyalty of its employees and in protecting its confidential or privileged records. Factors to be weighed include whether the employee's conduct could be characterized as clandestine, as extensive, or as a "fishing expedition" for general information rather than responsive to a specific question. Another factor is whether the employee has become an agent of an investigator or has been compensated for his activity.

Here, plaintiff Stark's conduct did not result in the disclosure of any confidential information. The photographs were part of the police record, not company records, and the identity of the persons was not confidential information.

Plaintiff Stark did not obtain or transmit the information in a clandestine manner; far from being secretive, he approached another railroad employee openly. His inquiries were not extensive in time, space or subject matter. In a very brief period of time, he sought the answer to a single specific inquiry within a limited locale. There was no generalized fishing expedition as to what had happened, to whom, where or when. His conduct involved only the identification of persons photographed at the accident scene. This conduct is within the protection of § 60.

To effectuate the purpose of § 60, it is essential that a district court have the ability to enjoin a disciplinary hearing or action by the railroad which violates this section. *Hendley, supra*, at 1152–53. *Kozar v. Chesapeake & Ohio Ry. Co.*, 320 F.Supp. 335, 370 n.17 (D.C.Mich.1970), affirmed in part, vacated in part on other grounds, 6 Cir., 449 F.2d 1238. Accordingly, it is

ORDERED that plaintiffs' Motion for Summary Judgment is granted and the defendant Burlington Northern, Inc., its officers, agents and employees are permanently enjoined and restrained from discharging or otherwise disciplining or attempting to discipline plaintiff Boyd D. Stark for his actions of February 3, 1982, in contacting Burlington Northern Special Agent E. E. Cole and the Alliance Police Department and inquiring as to the identities of persons depicted in photographs which had been taken by the Alliance Police Department; and it is

FURTHER ORDERED that the Clerk shall enter judgment for the plaintiffs and against the defendant, plaintiffs to be awarded costs upon the filing of a Bill of Costs with the Clerk of the Court within 10 days from the date of entry of the judgment.