Clara B. YOCH, as Personal Representative of the Estate of James J. Yoch, Plaintiff,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware corporation, Defendant.

Civ. A. No. 84–C–1070.

United States District Court, D. Colorado.

May 13, 1985.

John J. Rossi, Morrisard & Rossi, Aurora, Colo., for plaintiff.

C. William Kraft, III, Gen. Counsel Denver Region, C. Willing Brown, Hall and Evans, Denver, Colo., Richard Knudsen, Lincoln, Neb., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

On April 13, 1984, James Yoch was killed in a train collision near Wiggins, Colorado. Plaintiff Clara Yoch, James Yoch's widow, filed this action against the defendant Burlington Northern Railroad pursuant to the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 *et seq.* (1982) and the Boiler Inspection Act 45 U.S.C. § 23 (1982). Clara Yoch has alleged that the defendant railroad's negligence caused her husband's death and has prayed for $2 million in damages. Burlington Northern has filed a counterclaim for $5 million in property damages resulting from the collision, asserting that James Yoch's negligence caused the collision and resulting damage to its property.

Plaintiff has moved to dismiss the defendant's counterclaim arguing that it is a "device" intended to exempt the defendant from liability and to intimidate other railroad employees so they will not furnish information about the collision. Defendant has responded. The parties have briefed the issues thoroughly and oral argument would not assist in resolving them. Jurisdiction is based on 28 U.S.C. § 1331 (1982).

Plaintiff argues that the defendant's counterclaim violates 45 U.S.C. §§ 55 and 60. Section 55 provides,

"Any contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void...."

Section 60 states,

"Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void...."

The issue here is whether Burlington Northern's counterclaim is a "device" within the meaning of either § 55 or § 60, or both. The arguments on both sides have been fully developed in two leading opinions that reach opposite results. *Cavanaugh v. Western Maryland Ry. Co.,* 729 F.2d 289 (4th Cir.1984) (allowing a railroad counterclaim in a FELA action) (Judge Hall dissenting) and *Stack v. Chicago, M. St. P. & P. R. Co.,* 94 Wash.2d 155, 615 P.2d 457 (1980) (dismissing a railroad counterclaim in a FELA action). *Stack* and Judge Hall's dissent in *Cavanaugh* appear to me to present the more realistic and less legalistic view.

For the reasons developed by Judge Hall, dissenting in *Cavanaugh,* and by the unanimous Washington Supreme Court in *Stack,* I hold that where an injured railroad worker, or one who claims in his right if he is killed, asserts personal injury or wrongful death claims under the FELA, a railroad defendant may not counterclaim for damages to its property caused in the occurrence which gave rise to the employee's injuries or death.

Accordingly,

IT IS ORDERED that the plaintiff's motion to dismiss the defendant's counterclaim is granted.