Bernice Ray PEARSON, Jr., Mrs. Bernice Ray Pearson

v.

ROWAN COMPANIES, INC., Atlantice Maritime Services, Inc., Elroy E. Jones.

Civ. A. No. 86–4570.

United States District Court, E.D. Louisiana.

Dec. 9, 1987.

Lawrence D. Wiedemann, Stanley J. Jacobs, New Orleans, La., for plaintiffs.

Nelson W. Wagar, III, Metairie, La., for Rowan Companies, Inc.

Laurence E. Best, New Orleans, La., for Elroy Jones.

BEER, District Judge.

This matter came on for hearing on November 23, 1987, on defendant's, Elroy Edward Jones, motion to dismiss for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). The matter was taken under submission.

Plaintiffs, Mr. and Mrs. Pearson, originally filed suit against Rowan and Atlantic Maritime under the Jones Act and General Maritime Law (hereinafter GML) for injuries allegedly sustained when Mr. Pearson was allegedly "assaulted" by a fellow crewmember and employee of Rowan and Atlantic Maritime aboard a vessel owned and operated by Rowan and Atlantic Maritime. Plaintiffs later amended their complaint to add defendant, Elroy Edward Jones, alleging that Mr. Jones pushed Mr. Pearson down a flight of stairs. Subject to his objections to the exercise of personal jurisdiction over him, Jones subsequently filed this motion.

Jones contends that a Jones Act seaman who is assaulted by a fellow crewmember has no cause of action against his assailant. He also contends that the GML has never recognized a cause of action against any party, apart from the vessel owner or operator, seeking damages resulting from an assault perpetrated by a fellow crewmember. Therefore, defendant claims that plaintiff's sole route of recovery, (if any) exists only against Rowan and Atlantic Maritime and that the complaint against Jones should be dismissed.

Plaintiffs concede that they have no action against Jones under the Jones Act or the GML for unseaworthiness, since Jones was not the employer or vessel owner. However, plaintiffs assert that they do have a viable GML negligence claim against Jones arising out of the alleged malicious assault on the plaintiff. Plaintiff analogizes the cause of action against a co-employee for intentional misconduct to a seaman's right of action against a third-party contractor, rig owner, etc. He claims that the Jones Act did not intend to exempt such an action against a co-employee. Therefore, plaintiffs claim that a right of action exists against Jones under the GML for intentional negligence.

It is well-settled under the Jones Act and even before its enactment, that a seaman could not sue a fellow employee for negligence. See *Roth v. Cox,* 210 F.2d 76,

78 (5th Cir.1954); *The Osceola*, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760 (1903); *Ivy v. Security Barge Lines, Inc.*, 89 F.R.D. 322 (N.D.Miss.1980).

■ Moreover, an action under the GML for breach of the warranty of unseaworthiness and for maintenance and cure exists only against vessel owners or operators. *Vincent v. Penrod Drilling Co.*, 372 So.2d 807 (La.App.3d Cir.1979), *writ denied*, 375 So.2d 646 (La.1979).

In *Stoot v. D. & D. Catering Services, Inc.*, 618 F.Supp. 1274, 1277 (W.D.La.1985), *aff'd*, 807 F.2d 1197 (5th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 82, 98 L.Ed.2d 44 (1987), a fellow crewmember swung a knife at plaintiff, injuring him. The sole defendant was the assailant's employer, D. & D., whom plaintiff sought to hold vicariously liable for the assault of its employee. The Court cited *Hartsfield v. Seafarers International Union*, 427 F.Supp. 264 (S.D.Ala.1977) as the only other case found by the court in which a plaintiff sought recovery under the GML for injuries sustained from an assault by a co-employee from someone other than the vessel owner or operator. The court relied on the passage from *Hartsfield:*

> "A seaman who is assaulted may under proper circumstances recover damages for breach of the warranty of unseaworthiness. *Boudoin v. Lykes Bros. Steamship Co.*, 348 U.S. 336 [75 S.Ct. 382, 99 L.Ed. 354] (1955). However, recovery in such a case may be had only against the vessel owner or operator. The history of litigation arising out of an assault by a fellow crewmember, whether the theory of liability has been unseaworthiness, negligence or respondeat superior, has dealt with the liability of SHIPOWNER to the injured seaman."

The court continued: "Thus, it is clear that the General Maritime Law has never recognized a cause of action against any party, apart from the vessel owner or operator, seeking damages resulting from an assault perpetrated by a fellow crewmember." 618 F.Supp. at 1277.

Plaintiffs distinguish *Stoot*, supra, in that there, the appellant was attempting to get the court to extend respondent superior to a labor supplier not present on the vessel, where the employee-assailant was a crewmember. Also, *Hartsfield*, supra, involved the appellant's effort to hold a labor union responsible under GML for the acts of a member committed at sea.

Plaintiffs rely on a theory of general maritime negligence in support of their claim. They cite *Lee v. Central of Georgia Ry. Co.*, 252 U.S. 109, 40 S.Ct. 254, 64 L.Ed. 482 (1920), where the Supreme Court observed, "The Federal Employers' Liability Act does not modify in any respect right of employees against one another existing at common law." Plaintiffs also cite two decisions, in which the courts concluded that Congress did not intend to foreclose a right of action against co-employees when it passed the FELA. See, *Schosboek v. Chicago, M. St. P & P R. Co., et al.*, 191 Wash. 425, 71 P.2d 548 (1937); *Cott v. Ernie R. Co.*, 231 N.Y. 67, 131 N.E. 737 (1921).

■ It is well-settled that neither the Jones Act, 46 U.S.C. § 688 nor 28 U.S.C. § 1331 preclude the joinder of a Jones Act claim with one for unseaworthiness and maintenance and cure under the General Maritime Law. *Pope & Talbot, Inc., v. Hawn*, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Nor does the language of the Jones Act foreclose the joinder of a claim against a fellow employee under non-statutory theories of law. 46 U.S.C. § 688. *A fortiori*, this court is not precluded from allowing plaintiff to bring an additional claim against a co-employee where an intentional tort, one calculatedly inflicted, is alleged.

To allow this joinder is consistent with the equitable powers long applied by federal district courts exercising their admiralty jurisdiction. *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 689–690, 70 S.Ct. 861, 865, 94 L.Ed. 1206 (1950).

By permitting plaintiff to bring a general maritime negligence claim against a co-employee arising out of intentional tort, this

court recognizes that seaman claims are in a special class. *See, e.g. Farrell v. United States,* 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850 (1949). However, in enlarging the class of the claims cognizable under the admiralty jurisdiction, this court finds it necessary to narrow its ruling to claims arising solely out of allegations of an *intentional* tort.

"Conduct in a maritime setting is to be judged according to principles of tort law, especially of negligence, if the situation is not governed by statute, rules made under the authority of a statute, or maritime custom." *S.C. Loveland, Inc. v. East West Towing, Inc.,* 608 F.2d 160, 165 (5th Cir. 1979).

Accordingly, plaintiffs' claim against Jones is not barred, and defendant's motion to dismiss is DENIED.