Thomas L. GABOUREL, Plaintiff,

v.

BOUCHARD TRANSPORTATION CO., INC., Caddell Dry Dock and Repair Co., Inc., and Marine Systems, Inc., Defendants.

No. 94 Civ. 5897 (DC).

United States District Court, S.D. New York.

Oct. 18, 1995.

Cappiello Hoffman & Katz, P.C. by Edward M. Katz, New York City, for Plaintiff.

Freehill, Hogan & Mahar by John J. Walsh, New York City, for Defendant Bouchard Transportation Co., Inc.

### MEMORANDUM DECISION

CHIN, District Judge.

Plaintiff Thomas Gabourel, chief engineer on the tugboat Morton S. Bouchard, Jr. (the "Tugboat"), brings this Jones Act action against Bouchard Transportation Co. ("Bouchard"), the owner of the Tugboat, and Caddell Dry Dock and Repair Co. ("Caddell"), a repair company.[1]  Defendant Bouchard seeks to amend its answer to include a counterclaim against the plaintiff for damages incurred to the Tugboat during the explosion that injured plaintiff.  For the reasons set forth below, Bouchard's motion is granted.

### I.  BACKGROUND

Plaintiff was injured on July 2, 1992 when the starboard engine of the Tugboat exploded.  In addition to injuring plaintiff, the explosion caused extensive damage to the Tugboat.  An investigation into the cause of the explosion revealed that a rag was left in the exploding engine's lubricating oil system.  Earlier that day, employees of Caddell had removed and repaired a lube oil pipe in the lubricating oil system.

Four men were present during the repairs: the plaintiff, the Tugboat's assistant engineer, and two Caddell employees.  In sworn deposition testimony, all four men denied leaving the rag in the engine.  Thus, it remains a mystery as to who is ultimately to blame for the explosion.

In bringing this personal injury action under the Jones Act, plaintiff blames both Bouchard and Caddell for the explosion.  Initial-

---

1.  Defendant Marine Systems, Inc. has been dismissed from the case with prejudice.

ly, Bouchard blamed only Caddell for the explosion and thus cross-claimed against Caddell, seeking indemnity for any damages recovered by plaintiff and for the damage to the Tugboat. However, the deposition testimony of the Caddell employees has raised some doubt as to their culpability. It remains possible that in fact plaintiff's negligence caused the explosion. Accordingly, Bouchard seeks to add a counterclaim against plaintiff for the damage to the Tugboat.

## II. DISCUSSION

▪ Under Rule 13(f) of the Federal Rules of Civil Procedure, a court may allow a party to amend its pleading to assert a counterclaim if the pleader failed originally to assert the counterclaim "through oversight, inadvertence, or excusable neglect, or when justice so requires." Fed.R.Civ.P. 13(f). Courts must read Fed.R.Civ.P. 13(f) together with Fed.R.Civ.P. 15(a), which provides that leave to amend a pleading "shall be freely given when justice so requires." *Bigda v. Fischbach Corp.*, 849 F.Supp. 895, 906 (S.D.N.Y.1994); *Bank of New York v. Sasson*, 786 F.Supp. 349, 352 (S.D.N.Y.1992). In assessing a motion to add a counterclaim, a court should consider the following factors: (1) whether the counterclaim is compulsory; (2) whether the pleader has acted in good faith and has not unduly delayed filing the counterclaim; (3) whether undue prejudice would result to plaintiff; and (4) whether the counterclaim raises meritorious claims. *Bigda*, 849 F.Supp. at 906; *Northwestern Nat'l Ins. Co. v. Alberts*, 717 F.Supp. 148, 153 (S.D.N.Y.1989). Here, there is no question that the proposed counterclaim is compulsory, as Bouchard's claim arises from the same transaction or occurrence, the explosion, as plaintiff's claim. Fed.R.Civ.P. 13(a). I will address the other factors in reverse order.

### A. Merit of the Proposed Counterclaim

▪ In considering whether a proposed counterclaim is meritorious, the court should

apply standards applicable under Fed. R.Civ.P. 12(b)(6). Thus, if the claim would be subject to dismissal under Rule 12(b)(6), the court should refuse to grant leave to amend. *Sasson*, 786 F.Supp. at 353; *Alberts*, 717 F.Supp. at 153. The proposed counterclaim should be construed in the light most favorable to the moving party, *see Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and leave to add the counterclaim should be denied if the moving party can prove no set of facts supporting the proposed claim that would entitle him to relief. *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

▪ Evaluating the proposed counterclaim requires a review of the history of the Jones Act. The Jones Act was enacted in 1920 to create a negligence cause of action for ship personnel against their employers. *California Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 833 (9th Cir.1989). In passing the Jones Act, Congress extended to ship workers the rights granted to railroad employees by the Federal Employers Liability Act ("FELA"). *Cox v. Roth*, 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955). As such, interpretations of FELA are instructive in determining whether causes of action exist under the Jones Act.

The majority of courts to address the issue have concluded that FELA did not abrogate an employer's common law right to sue its employees for property damage.[2] *See, e.g., Sprague v. Boston and Maine Corp.*, 769 F.2d 26, 28–29 (1st Cir.1985); *Cavanaugh v. Western Maryland Ry.*, 729 F.2d 289, 291 (4th Cir.), *cert. denied*, 469 U.S. 872, 105 S.Ct. 222, 83 L.Ed.2d 151 (1984). In *Cavanaugh*, the court first noted that "there is a well accepted common law principle that a master or employer has a right of action against his employee for property damages . . . 'arising out of ordinary acts of negligence committed within the scope of [the employee's] employment' . . . ." 729 F.2d at 290–91 (*citing Stack v. Chicago, M., St. P. & P.R.R.*,

2. Furthermore, at least one court has permitted an employer to counterclaim against a seaman in actions initially brought under the Jones Act. *See Carstens v. Great Lakes Towing Co.*, 71

F.Supp. 394, 395 (N.D.Ohio 1945) (upholding shipowner's negligence counterclaim where initial action was brought under the Jones Act).

94 Wash.2d 155, 615 P.2d 457, 459 (1980)). The court then reviewed both the statutory language and legislative history. It found no evidence that "Congress intended the illogical result of proscribing the filing of a counterclaim by the railroads in an FELA case to recover for property damages sustained by reason of the sole negligence of the plaintiff-employee...." *Id.* at 294; *see also Sprague*, 769 F.2d at 28–29.

Plaintiff relies on *Ferreira* to argue that the holdings in *Cavanaugh* and *Sprague* do not apply in the Jones Act context. Contrary to plaintiff's suggestion, however, *Ferreira* does not address the issue before me. In *Ferreira*, the court held that a shipowner may not assert an indemnity claim against a seaman. Its primary rationale in reaching this conclusion was that, because an injured seaman does not have a cause of action against a fellow negligent employee, it would be illogical to allow a shipowner, standing in the injured seaman's shoes, to recover from the negligent employee. 871 F.2d at 833.

In contrast, Bouchard is not asserting an indemnity claim against plaintiff but a negligence claim. As discussed above, such direct claims against allegedly negligent employees for property damage are permissible in FELA actions. *Sprague*, 769 F.2d at 29; *Cavanaugh*, 729 F.2d at 294. To the extent that policy considerations addressed in *Ferreira* would bar such a claim by distinguishing admiralty cases from railroad cases, I do not accept them. In determining whether a seaman has exercised due care, a court certainly can take into account the difficult conditions under which the seaman works. That seamen work under difficult conditions is not reason to provide them with absolute immunity from negligence suits. *See Sprague*, 769 F.2d at 29. Accordingly, I hold that a shipowner may assert a negligence cause of action against an employee.

### B. *Prejudice to Plaintiff*

Plaintiff claims that Bouchard has no factual support for its proposed counterclaim and that in fact the counterclaim is based on sheer speculation. Plaintiff's allegation is overstated. Although Bouchard cannot state with certainty that plaintiff's negligence caused the damage to the Tugboat, this is not required. *See Caisse Nationale de Credit Agricole–CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir.1994) (pleading is frivolous only if it is clear that there is no chance for success). Bouchard has learned through discovery that plaintiff is one of only four people who could have caused the explosion. Plaintiff was present and participated in the repair work during which the rag was left in the lubricating oil system of the starboard engine. A jury will have to weigh the credibility of each witness and to determine who in fact is responsible for the explosion. Furthermore, Bouchard pleaded the defense of comparative negligence in its answer. Thus, plaintiff was on notice that he was alleged to be at least partly responsible for the explosion. Accordingly, Bouchard's counterclaim has sufficient factual support and will not result in undue prejudice to plaintiff.

### C. *Undue Delay*

Plaintiff's final argument is that Bouchard unduly delayed in seeking leave to add this counterclaim, and that this delay warrants denial of Bouchard's motion. It is true that Bouchard's excuses for its delay in moving to add a counterclaim are less than compelling. Still, the lawsuit is only one and a one-half years old and the amended pleading will not substantially delay the suit, as it involves the same transaction or occurrence at issue in the claims already presented. Moreover, it appears that Bouchard did not know the extent of plaintiff's involvement in the repair work that ultimately caused the damage to the tug until depositions were taken. Accordingly, Bouchard's delay does not warrant denial of its motion to add a counterclaim.

### III. *CONCLUSION*

For the reasons set forth above, Bouchard's motion to amend its answer to add a counterclaim is granted. An amended answer is to be filed within 14 days hereof.

SO ORDERED.