Philip J. WAISONOVITZ, Plaintiff

v.

METRO–NORTH COMMUTER
RAILROAD, Defendant/Third–
Party Plaintiff

v.

Diane Ard, Executrix of the Estate
of Robert J. Ard, Jr., Third–
Party Defendant.

Civil Action No. 3:05CV1928 (JCH).

United States District Court,
D. Connecticut.

Nov. 21, 2006.

Nancy Ledy–Gurren, Ledy–Gurren Bass
& Siff, L.L.P., New York City, Norman A.
Pattis, Bethany, CT, for Plaintiff.

Donna M. Lattarulo, Lev & Berlin, Nor-
walk, CT, Nancy Ledy–Gurren, Deborah
A. Bass, Ledy–Gurren Bass & Siff, L.L.P.,
New York City, for Defendant/Third–Par-
ty Plaintiff.

George J. Cahill, Jr., Scott E. Perry,
Cahill & Goetsch, New Haven, CT, for
Third–Party Defendant.

## RULING ON THIRD PARTY DEFEN-
## DANT'S MOTION TO DISMISS
### [Doc. No. 25]

HALL, District Judge.

### I. INTRODUCTION

Metro–North Commuter Railroad
("Metro–North") has filed a two-count
third-party complaint against Diane Ard as
executrix of the Estate of Robert J. Ard,
Jr. ("Ard"), seeking contribution and in-
demnification from Ard's Estate for any
judgment rendered in favor of Philip J.
Waisonovitz. Waisonovitz is seeking re-
covery under the Federal Employer's Lia-
bility Act ("FELA"), 45 U.S.C. § 51, as a
result of injuries sustained after a fatal
train accident in which the plaintiff and the
third-party defendant were involved.

Third-party defendant Ard has moved to
dismiss Metro–North's claims for contribu-
tion and indemnification for failure to state
a claim upon which relief can be granted.

### II. STANDARD OF REVIEW

In deciding a motion to dismiss, the
court takes the allegations of the Com-
plaint as true, and construes them in a

manner favorable to the pleader. *Hoover v. Ronwin,* 466 U.S. 558, 587, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984); *see Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir.1998); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds* by *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The court must draw all reasonable inferences in the plaintiff's favor. *See, e.g., Yung v. Lee,* 432 F.3d 142, 146 (2d Cir.2005) (discussing Rule 12(b)(6) motion to dismiss); *Lunney v. United States,* 319 F.3d 550, 554 (2d Cir.2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. *United States v. City of New York,* 359 F.3d 83, 87 (2d Cir.2004). A Rule 12(b)(6) motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of·his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quotation omitted). However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard. *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

## III.  FACTS

The court assumes familiarity with the facts in this case. *See* Ruling on Metro–North's Motion for Summary Judgment [Doc. No. 39]. On the night of March 9–10, 2004, plaintiff Engineer Waisonovitz, Assistant Conductor Robert Ard and Conductor Ray Durkin, worked as a switching crew in Stamford Yard. While the switching crew was performing switching operations, which involved moving cars between various tracks for repairs and to prepare for the morning rush, an accident occurred that resulted in the death of Robert Ard. The fatal accident occurred when the train did not travel down the track it was supposed to travel, running over Ard who was walking on the track gauge with his back to the train.

Waisonovitz and Ard's Estate filed separate actions against Metro–North. In the Waisonovitz case, Metro–North is now seeking to bring in Ard's Estate as a third-party defendant to obtain contribution and indemnification in the event that a judgment is rendered in Waisonovitz's favor.

## IV.  DISCUSSION

Ard argues that Metro–North's third-party complaint should be dismissed because third-party claims·against an employee for contribution and indemnification defeat FELA's remedial purpose, are barred by sections 55 and 60 of FELA, and violate FELA's abolishment of the fellow-servant rule. Metro–North counters by stating that such claims are proper under FELA, and that they are not contrary to the abolishment of the fellow-servant rule.

FELA provides that, "every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. "Cognizant of the physical dangers of railroading that resulted in the death or maiming of thousands of workers every year," Congress enacted the statute in 1908 in order to "shift[ ] part of the 'human overhead' of

doing business from employees to their employers." *Consolidated Rail Corporation v. Gottshall,* 512 U.S. 532, 542, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994) (citations omitted). In furtherance of FELA's humanitarian purposes, Congress abolished the fellow-servant rule, rejected contributory negligence in favor of comparative negligence, and abolished the assumption of risk defense. *See id.* at 543, 114 S.Ct. 2396. "[T]o further Congress' remedial goal," the Supreme has construed FELA liberally by relaxing standards of causation and extending the reach of the negligence per se principle. *Id.* (citing cases).

While agreeing with the remedial nature of the statute, Metro–North argues that FELA does not prohibit an employer from seeking contribution or indemnification from a co-employee. However, the cases cited by Metro–North in its Memorandum in Opposition to the Motion to Dismiss [Doc. No. 34], which hold that a railroad's right to indemnification or contribution for liability incurred under FELA is governed by state law, involve claims of contribution or indemnification against an outside third-party—*i.e.,* against a non-employee. Even the case Metro–North appears to rely on most, *Gaulden v. Burlington Northern, Inc.,* 232 Kan. 205, 654 P.2d 383 (1982), involved the negligence of a third-party truck driver who was involved in a crossing accident. In that case, the Kansas Supreme Court noted that FELA did not provide for contribution; however, "[t]he purpose of FELA, to obligate an employer to pay damages when there is proof that the employer's negligence played any part in causing injury to an employee, is not defeated by permitting the employer to recoup its losses in part or in full from a third party, when the circumstances and state law permit." *Id.* at 389. All the other cases cited by Metro–North similarly allow contribution or indemnification claims against third-parties who are not employees of the railroad.

By contrast, since the purpose of FELA is "to persuade railroad employers to exercise caution in selecting and supervising its employees," *Henson v. Baltimore & Ohio R.R. Co.,* 1985 U.S. Dist. LEXIS 21048, at *13 (W.D.Pa.1985) (citing legislative history), "to permit an employer to seek indemnification ... would violate the intent of Congress rather than foster it." *Illinois Central Gulf R.R. Co. v. Haynes,* 592 So.2d 536, 540 (Ala.1991). Indeed, in construing 45 U.S.C. § 51, the Supreme Court has stated:

> [I]n interpreting the FELA, we need not depend upon common-law principles of liability. This statute, an avowed departure from the rules of the common law, cf. *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 507–509, 77 S.Ct. 443, 1 L.Ed.2d 493, was a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety. *Tiller v. Atlantic Coast Line R. Co.,* 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610....
>
> ... Thus while the common law had generally regarded the torts of fellow servants as separate and distinct from the torts of the employer, holding the latter responsible only for his own torts, it was the conception of this legislation that the railroad was a unitary enterprise, its economic resources obligated to bear the burden of all injuries befalling those engaged in the enterprise arising out of the fault of any other member engaged in the common endeavor. Hence a railroad worker may recover from his employer for an injury caused in whole or in part by a fellow worker, not because the employer is himself to blame, but because justice demands that

one who gives his labor to the furtherance of the enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respects with sufficient care that his safety while doing his part will not be endangered. If this standard is not met and injury results, the worker is compensated in damages.

*Sinkler v. Missouri,* 356 U.S. 326, 329–30, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958). "It is thus apparent, both from the plain language of the statute and from the Supreme Court's interpretation thereof, that a railroad is liable when injury to an employee results from the negligence of a fellow employee." *Shields v. Consolidated Rail Corp.,* 1981 U.S. Dist. LEXIS 16734, at *4 (S.D.N.Y.1981). Metro–North's third-party complaint is seeking that which FELA prohibits: "requiring an employee, rather than a railroad employer, to compensate other employees for injuries suffered on the job." *Id.* (granting motion to dismiss defendant's counterclaim for indemnification against one of the plaintiffs).

Moreover, as several courts have pointed out, two sections of FELA provide bases for dismissing Metro–North's third-party complaint. *See, e.g., Henson,* 1985 U.S. Dist. LEXIS 21048; *Shields,* 530 F.Supp. 400; *Haynes,* 592 So.2d 536; *Stack v. Chicago, Milwaukee, St. Paul and Pacific R.R. Co.,* 94 Wash.2d 155, 615 P.2d 457 (1980). Section 55 of FELA provides that, "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Chapter, shall to that extent be void." 45 U.S.C. § 55. Section 60 of FELA provides that, "[a]ny contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void." 45 U.S.C. § 60. Ard argues, and these cases hold, that Metro–North's third-party claims constitute "devices" that deprive the plaintiff of the right to adequate recovery and that operate to chill FELA claims in violation of 45 U.S.C. §§ 55, 60.

In *Shields,* the district court stated that section 55 "declares a public policy to void releases or any other devices which evidence an attempt to avoid FELA liability." 1981 U.S. Dist. LEXIS 16734, at *5. The counterclaim, asserted in that case by the defendant-employer against the plaintiff-employee for indemnification if the employer was required to pay damages to the two other plaintiffs, "seeks and will produce a result identical to such a release," and thus was held to be a "device" under § 55. *Id.* "To permit the assertion of the counterclaim would enable [the employer] to exempt itself from its liability for the negligent acts of its employees, created under § 51 of the FELA, in clear contravention of § 55." *Id.* at *6; *see also Henson,* 1985 U.S. Dist. LEXIS 21048, at *15 (finding third-party complaint against employee to fall within the meaning of "device" under the FELA provisions).

Additionally, section 60 prohibits any device that has the *effect* of inhibiting employees from voluntarily giving information related to the facts incident to an employee's injury or death. 45 U.S.C. § 60. In line with Congress's intent, FELA should be construed broadly, and thus the court finds that the effect of Metro–North's third-party complaint is likely to inhibit the third-party defendant, as well as other Metro–North employees, from testifying in a suit involving another co-employee. As the *Henson* court put it aptly:

The intent of Congress is clear. The FELA was enacted to provide a source

of recovery to injured employees and to compel greater safety precautions on the part of the employers. It was enacted on the assumption that co-worker tortfeasors would be essentially "judgment proof" and that legal action against such a fellow-servant would be futile. Railroad-employers are to be responsible to their employees for maintenance of a safe workplace. They may not be allowed to circumvent that duty.

*Henson,* 1985 U.S. Dist. LEXIS 21048, at *15.

## V.  CONCLUSION

For the foregoing reasons, Ard's motion to dismiss [**Doc. No. 25**] is GRANTED.

**SO ORDERED.**