**Thomas A. PALMER, Plaintiff,**

v.

**APEX MARINE CORPORATION, Defendant.**

**No. C80–394B.**

United States District Court,
W. D. Washington.

Feb. 25, 1981.

Denny Anderson of Vance, Davies, Roberts, Reid & Anderson, Seattle, Wash., for plaintiff.

Richard A. Montgomery of Bogle & Gates, Seattle, Wash., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

BEEKS, District Judge.

For the purposes of this motion, all the facts alleged by plaintiff are considered proven. Plaintiff Palmer sued Apex, the operator of the BEAVER STATE, a tanker, for injuries to his finger suffered in a fight with Michael Brown, a fellow crew member. Palmer joined the BEAVER STATE in early August, 1979. He socialized with Brown before and after reporting to the vessel, and has testified that Brown was likeable, that he had no problems with Brown before or after the fight, and that he did not know anyone who had problems with Brown.

Palmer blames the incident on a feud between himself and the boatswain, who also acted as Palmer's and Brown's watch partner. Palmer says that the boatswain was often drunk, on beer sold on a regular basis by the captain. The boatswain's drunkenness allegedly made him abusive and also contributed to his inability to stand watch occasionally, placing an added burden on Palmer and Brown. Palmer's chief complaint is that the boatswain often relieved Palmer late, in response to which Palmer relieved Brown late. Palmer claims to have complained to the captain several times about the boatswain's behavior, but the captain is alleged to have taken no action. Palmer alleges that his own acts of relieving Brown late were the main cause of the friction between Brown and Palmer which eventually ignited into a fight on October 31, 1979.

Palmer and Brown were nearing the end of their evening watch, with Palmer at the wheel and Brown on lookout. Brown asked for and was granted permission by the third mate, the watch officer, to go down and waken the seaman who would stand the

next watch. Palmer complained to the third mate that it was his turn to waken the next watch. When Brown returned to the bridge, Palmer instigated an exchange of obscenities with Brown. Brown then approached the plaintiff: "I don't know who had each other at first," Palmer testified, "but we both just kind of grabbed at each other at the same time when we got close enough to each other." (Deposition of Thomas A. Palmer, p. 54, lines 18–20). During the ensuing scuffle, Palmer applied a headlock to Brown. Brown then bit one of Palmer's fingers, which was near his mouth because of the headlock. Brown allegedly held on with his teeth until Palmer was able to wrest his finger free. The injury to Palmer's finger is the only injury for which he is seeking damages. Defendant moves for summary judgment, asserting that there is no genuine issue of material fact, and no basis of liability on the part of the vessel's operator, Apex, as a matter of law.

 Plaintiff sets forth several theories for recovery. First, that the vessel was unseaworthy because it had a crewman, Brown, with "vicious propensities." This claim is based on two facts only: (1) that Brown struck Palmer while Palmer's arms were pinned behind his back; and (2) that Brown bit Palmer while Palmer had a headlock on Brown. Palmer's own testimony states that aside from the fight there was nothing "vicious" in Brown's nature. Both sides agree that the issue of unseaworthiness as to crew members is governed by the criteria laid down in *Boudoin v. Lykes Brothers Steamship Co.*, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955). The inquiry is whether the assaulting seaman had "a wicked disposition, a propensity to evil conduct, a savage and vicious nature," or whether his behavior was "within the usual and customary standards of the calling." 348 U.S. at 340, 75 S.Ct. at 385, 99 L.Ed. at 359. There is no factual basis offered for finding "viciousness" within *Boudoin's* meaning. While a fight itself can be enough to sustain a finding of viciousness, *see, e. g., Clevenger v. Star Fish & Oyster Co.*, 325 F.2d 397 (5th Cir. 1963), plaintiff

cites only one such case in which no weapon was used, *Stechcon v. United States*, 439 F.2d 792 (9th Cir. 1971). There the court held that an issue of fact was raised on unseaworthiness where the injuries were inflicted (1) without warning, (2) in an unprovoked attack, (3) from the rear, and (4) without the victim offering a defense. None of those factors are present in the case at hand. Plaintiff provoked the fight, which was begun face to face, and not only defended himself, but apparently had the upper hand until the last moment. Although striking the plaintiff while his hands were pinned behind his back was less than sporting, it is hardly vicious where the striking was only with "glancing blows here and there" (Deposition of Thomas A. Palmer, p. 56, line 3). As to the biting, this was merely Brown's attempt to escape a headlock applied by plaintiff during a fight provoked by plaintiff. This act alone can hardly support a finding of "a propensity to evil conduct." There was no violation of the warranty described in *Stechcon* and *Kirsch v. United States*, 450 F.2d 326, 327 (9th Cir. 1971) that crewmen be "equal in disposition and seamanship to the ordinary man in the calling."

 A second theory asserted by plaintiff is that the vessel's operator is vicariously liable for Brown's conduct because the fight arose in the course and scope of Brown's employment. Plaintiff cites two cases in support of this theory, *Jamison v. Encarnacion*, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930) and *Nelson v. American-West African Line, Inc.*, 86 F.2d 730 (2d Cir. 1936). Both deal with superiors injuring crewmen below them. Findings of "course and scope" are based on the attacker's intent, warped or otherwise, to act for the ship. Here, Palmer and Brown were of equal rank. There is no allegation, and no reasonable argument could be made, that Brown acted or intended to act on the ship's behalf by fighting with Palmer. Therefore, this theory must fail as a matter of law.

 Plaintiff alleges also that the vessel was unseaworthy because its boatswain was

drunk; that the operator was negligent in selling the beer which intoxicated the boatswain (Palmer nowhere tries to link the fight with drinking done by Brown); and that the vessel's operator was negligent in the captain's failure to resolve the problems between Palmer and the boatswain. These allegations could be the basis of liability under some circumstances, but here the causation requirement fails. Plaintiff contends as follows: The captain sold beer to the boatswain. The boatswain became drunk, making him more abrasive. The boatswain irritated Palmer, both by being abrasive verbally and by relieving Palmer late from his watch occasionally. Palmer reacted by becoming more tense and by relieving Brown late. This made Brown tense. This tension caused Palmer to speak obscenities to Brown, which provoked a fight. During the fight, Palmer applied a headlock to Brown, and Brown responded by biting Palmer's finger in order to free himself.

Even accepting these factual contentions as true, the captain's sale of beer did not "cause" the injury to Palmer's finger. Maritime tort law adopts the Restatement (2d) Torts concept of "legal cause" which provides that the defendant's negligence must be "a substantial factor in bringing about the harm . . . 'substantial' means more than 'but for' the negligence the harm would not have resulted . . . and more than merely negligible negligence." *Spinks v. Chevron Oil*, 507 F.2d 216, 223 (5th Cir. 1975), cited with approval in *Buchalski v. Universal Marine Corporation*, 393 F.Supp. 246, 250 (W.D.Wash.1975). Any negligence in the captain's action, or any unseaworthiness in the boatswain's drunken state, certainly had no more than a negligible connection to Palmer's injury, so there is no genuine issue of material fact for trial.

Accepting all facts alleged by plaintiff as true, he cannot prevail on any theory presented, as a matter of law. Therefore, summary judgment is granted to the defendant and the complaint is dismissed with prejudice and with costs in favor of defendant.