Joseph Robert **STOOT**,
Plaintiff-Appellant,

v.

**D & D CATERING SERVICE, INC.,**
Defendant-Appellee.

No. 85–4737.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1987.

Anthony D. Moroux, Domengeaux & Wright, Lafayette, La., for plaintiff-appellant.

Daniel A. Webb, Richard A. Fraser, III, New Orleans, La., for intervenor, Fluor Drilling Services, Inc.

Norman P. Foret, McBride, Foret, Rozas & Leonard, Lafayette, La., for defendant-appellee.

Before GARZA, DAVIS and JONES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Joseph Stoot appeals a take nothing judgment rendered in favor of D & D Catering Service, Inc. (D & D Catering), in his general maritime law action for personal injuries. We affirm.

## I.

Joseph Stoot was injured while employed by Fluor Drilling Services, Inc. (Fluor) as a derrickman aboard the MR. DAVE, a jack-up drilling rig, located twelve miles off the Texas coast. The MR. DAVE was owned by intervenor, Fluor, and most of the personnel working aboard the vessel were Fluor employees. Fluor contracted with D & D Catering, however, to provide the food service on the vessel and D & D employees performed the cooking and other work related to this contract. Stoot's assigned duties frequently prevented him from eating during regular meal hours and on these occasions Stoot reported to the galley early for his meals. Eloise Porter, D & D's chief cook, objected to giving Stoot his meals at these irregular times and complained to Stoot about the inconvenience. Stoot reported Porter's complaints to the Fluor toolpusher or supervisor, who in turn instructed Porter that she was required to give Stoot his meals at the irregular times. Porter later confronted Stoot in the galley about making trouble for her with the toolpusher. She told Stoot that "he was nothing but a trouble maker." According to the district court, the following then occurred:

> Without giving plaintiff an opportunity to deliver a retort, Porter marched back into the kitchen. Plaintiff then went to the ice machine in the dining area, turned and told Porter, "Kiss my ass," whereupon Porter came out of the kitchen into the dining area wielding a carving or butcher knife and replied that, "Nobody tells me to kiss their ass." In the ensuing encounter, Porter swung the knife at the plaintiff, severing the third and fourth digits, and lacerating the fifth digit of the plaintiff's right hand.

Stoot's suit against Porter's employer, D & D Catering, followed.

The district court, 618 F.Supp. 1274, following a bench trial, found as a matter of law that an independent contractor who supplies the galley crew for a vessel cannot be held vicariously liable for the acts committed by its employees while working as a member of the vessel's crew. Alternatively, the court held that even if D & D Catering was vicariously responsible for Porter's actions, Porter was not acting in the course and scope of her employment when she struck Stoot.

Stoot raises two issues on appeal: (1) the district court erred in holding that D & D Catering is not, as a matter of law, vicariously responsible for Porter's actions; (2) the district court's conclusion that Porter was not acting within the course and scope of her employment with D & D is not supported by the record. Intervenor, which seeks to recover maintenance and cure benefits it paid to Stoot, joins Stoot in this appeal.

## II.

### A.

We agree with the appellant that the district court erred in concluding that D &

D Catering as a matter of law has no vicarious responsibility for wrongful acts of its employees. The recognized principle of agency law that imposes vicarious liability upon employers for the wrongful acts committed by employees while acting in the course of their employment is well ingrained in the general maritime law. *Kelly v. Smith*, 485 F.2d 520 (5th Cir.1973); *Baggett v. Richardson*, 473 F.2d 863, 864–65 (5th Cir.1973); *Offshore Logistics v. Astro-Marine, Inc.*, 482 F.Supp. 1119, 1121 (E.D.La.1980).

*Hartsfield v. Seafarers International Union*, 427 F.Supp. 264 (S.D.Ala.1977), relied upon by the appellee is readily distinguishable. The court in *Hartsfield* held that a labor union was not vicariously responsible for an assault by one of its members who had used the union's referral service to obtain a job on a vessel. This holding does not support the conclusion that an employer is not vicariously responsible for the wrongful acts of its employees.

■ The district court correctly observed that most reported cases that have been brought by seamen for injuries suffered from an assault by a fellow crewmember have been analyzed and decided on a theory of whether the shipowner's warranty of seaworthiness has been breached. *Boudoin v. Lykes Bros. Steamship Co.*, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955); *Claborn v. Star Fish & Oyster Co., Inc.*, 578 F.2d 983 (5th Cir.1978). It does not follow, however, that D & D Catering, as employer of Porter, had no liability to Stoot because it did not own the MR. DAVE and consequently did not owe the warranty of seaworthiness. We see no reason why Stoot's election not to sue Fluor for the unseaworthiness of the MR. DAVE should protect D & D Catering from vicarious liability for its employee's wrongful act. D & D Catering did not argue and the district court did not find that Fluor was Porter's borrowing employer; consequently no legitimate reason is advanced why ordinary agency principles would not operate to impose liability on D & D Catering for Por-

ter's wrongful act if Porter was acting in the course and scope of her employment.

**B.**

Stoot next contests the district court's finding that Porter was acting beyond the course and scope of her employment when she struck Stoot. Before addressing this question directly, we must first consider whether the pleadings and contentions of the parties precluded the district court from finding that Porter intentionally assaulted Stoot.

■ Although appellant asserts that both parties presented this as a negligence case we are satisfied that the district court's finding that Porter intentionally assaulted Stoot is not clearly erroneous. The plaintiff's petition is equivocal; in paragraph IV plaintiff alleged that Stoot was "viciously attacked without provocation by Eloise Porter." Stoot adduced evidence in support of this allegation. Stoot testified that Porter approached him with the knife and made a swing at him while saying "I got something for your ass." Although Porter contended she swung the knife as a reflexive reaction when Stoot kicked her, the district court was entitled to accept Stoot's testimony over that of Porter's. Stoot's decision that it is now in his best interest to agree with D & D Catering that Porter's actions were not intentional does not undermine the district court's finding of an intentional tort. Wright & Miller, *Federal Practice and Procedure* § 2664 (1977).

Appellant next argues that the evidence does not support the district court's findings that Porter acted beyond the scope of her employment with D & D Catering when she struck Stoot with the knife. After a careful review of the record, we conclude that the finding challenged by appellant is not clearly erroneous. Fed.R.Civ.P. 52(a).

Although whether a given act by an employee is committed within the course and scope of his employment is highly factual, the facts must be analyzed within the

**1200**

framework of established agency principles.

The Restatement (Second) Agency § 245 provides:

A master is subject to liability for the intended tortious harm by a servant to the person or things of another by an act done in connection with the servant's employment, although the act was unauthorized, if the act was not unexpectable in view of the duties of the servant.

Comment C of § 245 provides:

The master, however, is relieved from liability under the rule stated in this Section if the servant has no intent to act on his master's behalf, although the events from which the tortious act follows arise while the servant is acting in the employment and the servant becomes angry because of them.

*See also Offshore Logistics v. Astro-Marine, Inc.,* 482 F.Supp. 1119, 1121 (E.D.La. 1980).

Both Stoot and Porter testified that they initially disagreed and argued about Stoot's practice of reporting to the dining area for meals at irregular times. This argument escalated after the Fluor toolpusher directed Porter to give Stoot his meals early. On the morning of the accident Porter told Stoot in no uncertain terms how displeased she was that Stoot involved the toolpusher in their disagreement. The argument became heated and culminated with Stoot's profanity and Porter's attack. Stoot testified that his profanity provoked Porter to attack him with the knife. Jesse Wallace, a roughneck on the MR. DAVE, testified that several minutes after Porter cut Stoot she said "I don't ever want you to ever tell me to kiss your ass again. Nobody tells me that."

 Although admittedly this is a close case, we believe that the district court was entitled to find that Porter was motivated to cut Stoot from anger and revenge following Stoot's personal profane statement to her rather than for reasons related to her employment. This finding supports the district court's conclusion that Porter's action was outside the course and scope of her employment. *Palmer v. Apex Marine Corp.,* 510 F.Supp. 72, 74 (W.D.Wash.1981); *Offshore Logistics v. Astro-Marine, Inc.,* 482 F.Supp. 1119, 1121 (E.D.La.1980); *Posey v. Fabre,* 369 So.2d 237 (La.App. 4th Cir.), *writ denied,* 371 So.2d 1344 (La.1977).

AFFIRMED.