**William KENNEDY and Dorothy Kennedy**

v.

**GULF CREWS, INC., Roderick Primeaux and Entex Insurance Company.**

**Civ. A. No. 87–1701.**

United States District Court, W.D. Louisiana, Lake Charles Division.

Nov. 5, 1990.

James Cox, Lake Charles, La., for plaintiffs.

Daniel Caruso, New Orleans, La., for defendants.

**MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT**

EDWIN F. HUNTER, Jr., Senior District Judge.

Plaintiffs instituted this suit under the Jones Act for negligence and the general maritime law for unseaworthiness and negligence. Kennedy was injured on May 26, 1987. He was employed by Gulf Crews as a seaman aboard the M/V Jillian. The vessel was owned by Service Boat Rentals, Inc. Roderick Primeaux, the captain of the M/V Jillian at the time of the accident, was employed by Gulf Crews.

Plaintiffs compromised all claims against Gulf Crews, Service Boat Rentals and their insurers. The settlement specifically reserves all rights ·plaintiffs may have against Primeaux and against Arkwright–Boston and Mutual Marine as insurers of Primeaux. Arkwright–Boston and Mutual Marine were released from any alleged liability in their capacity as insurers of Gulf Crews and/or Service Boat Rentals. The settlement contains a *Mary Carter* provision that Gulf Crews, Service Boat Rentals and their insurers will receive a portion of any judgment over the amount paid in settlement or a set amount of any settlement with the remaining defendants. These remaining defendants seek summary judgment dismissing plaintiffs' claims against

---

Roderick Primeaux and Arkwright–Boston and Mutual Marine in their alleged capacity as Primeaux's insurers. We must decide whether damages may be recovered by a Jones Act seaman against the master of the vessel.

Historically, under the general maritime law, an injured seaman had no right of action to recover damages sustained because of the negligence of his employer, the master, or fellow crewmen, other than an action *against his employer* for maintenance and cure. This rule was set forth by the United States Supreme Court in *The OSCEOLA*, 189 U.S. 158 at 175, 23 S.Ct. 483 at 487, 47 L.Ed. 760 (1903). We turn quickly to the most recent signal from the Fifth Circuit. Its decision in *Ivy v. Security*, 606 F.2d 524 (1979), noted:

> In *The OSCEOLA*, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760, the Supreme Court concluded that general maritime law does not create a cause of action on behalf of a seaman for the negligence of his master or fellow crewmen. The Court held that a "seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew" beyond his maintenance and cure, although under general maritime law he may be entitled to consequential damages for unseaworthiness of the vessel.

Id. at 525 (citing *The OSCEOLA*, 189 U.S. at 175, 23 S.Ct. at 487, 47 L.Ed. at 764).

## THE OSCEOLA

In *The OSCEOLA*, the Supreme Court held:

> [W]e think the law may be considered settled upon the following propositions:
> 1. That the vessel and her owners are liable, in case a seaman falls sick, or is wounded, in service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued.
> 2. That the vessel and her owner are, both by English and American law, liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances of the ship.
> 3. That all the members of the crew, except, perhaps the master, are, as between themselves, fellow servants, and hence cannot recover for injuries sustained through the negligence of the crew beyond the expense of his maintenance and cure.
> 4. That the seaman is not allowed to recover an indemnity for the negligence of the master, or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident.

Plaintiffs argue that Proposition 3 recognizes a negligence action against the master under the general maritime law for acts within the scope of his duties. I cannot read so much into so little. In discussing the maritime law of other nations, the Supreme Court noted the master is treated as a fellow servant of his crew in English law, but also that English law recognizes that a master can be sued *in personam* for an *assault* on his crewmen. *The OSCEOLA*, 189 U.S. at 171, 23 S.Ct. at 485. The cause of action based on *assault* was recognized by Judge Beer in *Pearson v. Rowan Companies, Inc.*, 674 F.Supp. 558 (E.D.La. 1987). The instant case does not involve an intentional tort.[1]

Responding to OSCEOLA, Congress, in 1915, enacted the Jones Act, 46 U.S.C.App. § 688, extending to seamen the remedies made available to railroad workers under the provisions of F.E.L.A., 45 U.S.C. § 51 et seq. Congress did not establish a cause

---

**1.** Plaintiffs characterize Captain Primeaux's leaving William Kennedy at the wheel, while the vessel was on automatic pilot, while he went below to check the recently-installed engine as an intentional tort. Captain Primeaux specifically ordered Kennedy to reduce the speed of the vessel if he grew concerned or did not understand anything he saw. Kennedy saw the buoys for the channel and attempted to enter the channel, yet did not slow the vessel to alert the Captain as ordered. Kennedy's failure to follow orders allegedly allowed the vessel to proceed full speed into the jetties. The alleged negligence of Captain Primeaux certainly does not rise to the level of an intentional tort.

of action against the master, but solely against the employer. When Congress has spoken to an issue, we must defer to the will of Congress. See *Lindgren v. United States,* 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686 (1950) and *Gillespie v. United States Steel Corp,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (involving attempts to supplement Jones Act recovery via state statutes in cases of a seaman's death in territorial waters). Nothing in this case or in the jurisprudence is sufficient to plot a change in the Jones Act specificity. To adopt the suggestion that OSCEOLA approves an action for negligence against the master is supported by neither logic nor jurisprudence. The end result of such an expansive approach would precipitate a clutter of confusion in maritime law. We conclude that plaintiffs have no right of action under the general maritime law or under the Jones Act against the vessel's master for unseaworthiness or negligence.

The Motion for Summary Judgment is GRANTED.

THUS DONE AND SIGNED.

### JUDGMENT

The Motion for Summary Judgment having been granted in favor of the remaining defendants. IT IS ORDERED, ADJUDGED AND DECREED that this case be "CLOSED".