# United States Court of Appeals
## For the First Circuit

No. 99-2375

ROBERT G. NICHOLS II,

Plaintiff, Appellant,

v.

LAND TRANSPORT CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Eugene W. Beaulieu, U.S. Magistrate Judge]

Before

Lynch and Lipez, Circuit Judges,
Cyr, Senior Circuit Judge.

Graydon G. Stevens, with whom Kelly, Remmel & Zimmerman was on brief, for appellant.
Steven J. Mogul, with whom Gross, Minsky, Mogul & Singal was on brief, for appellee.

August 16, 2000

**LIPEZ, Circuit Judge**. Robert Nichols brought this diversity action in the district court for the District of Maine to recover for personal injuries he suffered in a "road rage" attack by Oscar Gonzalez, a truck driver employed by Land Transport Corp. The parties consented to proceed before a magistrate judge, who granted Land Transport's motion for summary judgment, concluding that under Maine law Gonzalez was not acting within the scope of employment when he attacked Nichols.

We review a summary judgment de novo, viewing the record in the light most favorable to the nonmoving party to determine whether there exists a genuine issue of material fact. See Sheehy v. Town of Plymouth, 191 F.3d 15, 19-20 (1st Cir. 1999). We agree with the magistrate judge and affirm the judgment.

On November 11, 1996, Nichols, driving his pickup truck, and Gonzalez, driving a tractor-trailer for Land Transport, were traveling westbound on Route 9 in eastern Maine. Driving recklessly behind Nichols, Gonzalez made multiple attempts to pass Nichols in no-passing zones, nearly causing a collision, and followed Nichols at an unsafe distance. Nichols responded twice with the predictable obscene gesture. When both drivers stopped at a red light in Brewer, Gonzalez exited his

truck, confronted Nichols, and attacked him with a rubber-coated metal cable.  In the ensuing struggle, Nichols briefly subdued Gonzalez, but then fell to the ground, and Gonzalez stabbed him in the thigh with a knife.  Gonzalez was later convicted of aggravated assault.

Nichols seeks to hold Land Transport vicariously liable for Gonzalez's actions, alleging that Gonzalez was acting within the scope of employment.  Maine courts apply the test of Restatement (Second) of Agency § 228 (1958) in determining whether conduct is within the scope of employment.  See McLain v. Training & Dev. Corp., 572 A.2d 494, 497 (Me. 1990); see also Lyons v. Brown, 158 F.3d 605, 609 (1st Cir. 1998); Bergeron v. Henderson, 47 F. Supp. 2d 61, 65 (D. Me. 1999).  The Restatement test provides:

> Conduct of a servant is within the scope of employment if, but only if:
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master, and
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Restatement (Second) of Agency § 228(1).

We confine our discussion to the third prong of the test because we conclude as a matter of law that Nichols has not

-4-

satisfied that prong. There is no evidence in the record that Gonzalez was in any way motivated by a purpose to serve Land Transport when he fought and stabbed Nichols. Indeed, Nichols does not seriously contend otherwise. Instead, he argues that "an employer may be held liable for an assault by its employee when the assault arises out of an employment-related dispute and the assault occurs within work-related limits of time and place," regardless of whether the employee had a purpose to serve the employer.[1]

Nichols's argument is plainly incompatible with the Restatement rule. This is obvious enough from the text of § 228. The Restatement commentary is even clearer, stating that a master is not liable

> if the servant has no intent to act on his master's behalf, although the events from which the tortious act follows arise while the servant is acting in the employment and the servant becomes angry because of them. The fact that the servant acts in an outrageous manner or inflicts a punishment out of all proportion to the necessities of

_____

[1]Nichols's formulation includes the second prong of the Restatement § 228 test, requiring that the tort occur substantially within authorized time and space limits. He also acknowledges that foreseeability, essentially embodied in the fourth prong of the Restatement test (that the use of force be not unexpectable by the master), is an additional requirement, which he contends is almost always a jury issue, and should have been here. We do not address this contention because our discussion is limited to the third prong of the Restatement test.

> his master's business is evidence indicating
> that the servant has departed from the scope
> of employment in performing the act.

Restatement § 245, comment f.[2]

There is, nevertheless, a split of authority on the issue of whether a purpose to serve the master is a requirement for respondeat superior liability.  Nichols cites cases from a number of jurisdictions holding that an assault can be within the scope of employment if it arises out of an employment-related dispute, even if in committing the assault the servant lacked a purpose to serve the master.  See, e.g., Rivas v. Nationwide Personal Sec. Corp., 559 So. 2d 668, 670 (Fla. Dist. Ct. App. 1990);  Lange v. National Biscuit Co., 211 N.W.2d 783, 404 (Minn. 1973);  Life & Cas. Ins. Co. v. Padgett, 407 S.W.2d 728, 730 (Ark. 1966);  Carr v. Wm. C. Cromwell Co., 171 P.2d 5, 7 (Cal. 1946).  We, however, are applying Maine law, which follows the Restatement.  The cases from other jurisdictions that support Nichols's position represent a rejection, rather than an application, of Restatement § 228(1)(c).

For example, in a case heavily relied on by Nichols, Weinberg v. Johnson, 518 A.2d 985 (D.C. 1986), the court

---

[2]Restatement § 245, "Use of Force," expands on the fourth, "not unexpectable" prong of the § 228(1) scope of employment test.  Its commentary, however, also speaks to the application of the other prongs of the test to torts involving the use of force.

purported to apply the Restatement in holding that it was a jury issue whether a laundromat employee acted in the scope of employment in shooting a customer who was leaving the laundromat after an argument with the employee concerning the customer's missing shirts.  In reaching this conclusion, the court held that District of Columbia law had so evolved that the requirement of a purpose to serve the master "has become broad enough to embrace an intentional tort arising out of any dispute that was originally undertaken on the employer's behalf."  Id. at 991 (internal quotation marks omitted).  This outcome has been criticized.  See Smith v. American Express Travel Related Servs. Co., 876 P.2d 1166, 1171-72 (Ariz. Ct. App. 1994).  It is unmistakably a departure from the Restatement rule.[3]

    Despite the departure in some jurisdictions noted by Nichols, many courts continue to hold that a purpose to serve the master is necessary under Restatement § 228(1) to bring a tort within the scope of employment.  See, e.g. id. at 1170-72;

---

[3]We also note that the rule adopted in Weinberg would not help Nichols in this case.  The D.C. court did not extend the scope of employment to any assaults arising out an employment-related dispute, but rather to those "arising out of any dispute that was originally undertaken on the employer's behalf."  518 A.2d at 991 (internal quotation marks omitted).  Here, Gonzalez's dispute with Nichols was related to his driving on behalf of Land Transport, but unlike the laundromat employee arguing about the lost shirts in Weinberg, Gonzalez was not acting on his employer's behalf when he initiated the confrontation with Nichols.

Stoot v. D & D Catering Service, Inc., 807 F.2d 1197, 1200 (5th Cir. 1987) (maritime law); Williams v. Alyeska Pipeline Service Co., 650 P.2d 343, 350 (Alaska 1982); Kuehn v. White, 600 P.2d 679, 681-82 (Wash. Ct. App. 1979); see also Manning v. Grimsley, 643 F.2d 20, 24 (1st Cir. 1981) (applying Massachusetts rule that assault is within scope of employment only if it was in response to plaintiff's present interference with employee's duties). We have been given no reason to think that Maine would leave this company. Indeed, in a related context, examining vicarious liability for torts committed outside the scope of employment under Restatement (Second) of Agency § 219(2)(d) (1958), we noted that the Maine Law Court follows the plain meaning of that Restatement provision. See Costos v. Coconut Island Corp., 137 F.3d 46, 49 (1st Cir. 1998). We have no reason to believe that the plain meaning of Restatement § 228 would not govern here. Under Maine law, a servant's tort is committed in the scope of employment only if it is actuated, at least in part, by a purpose to serve the master. It is not enough that the tort arises out of an employment-related dispute.

Although Kuehn v. White, 600 P.2d 679 (Wash. Ct. App. 1979), is not a Maine case, it applies the Restatement test used in Maine to facts similar to the facts here and reached the same

-8-

result.  In response to reckless driving by a tractor-trailer driver, including unsafe passing attempts that almost caused a collision, the plaintiff motorist made the familiar obscene gesture (or at least the truck driver believed he had).  See id. at 681.  Both vehicles pulled over to the side of the road, a confrontation ensued, and the truck driver struck the plaintiff repeatedly with a two-foot-long metal pipe.  See id.  The truck driver was later convicted of assault.  See id.  The Washington Court of Appeals affirmed the summary judgment for the trucking company, holding that where the evidence showed that the employee had "assaulted Kuehn because of his personal anger towards Kuehn and not because of any intent to serve the employer," as required by Restatement § 228, the scope of employment issue could be resolved in the employer's favor as a matter of law.  Id. at 683.

The same is true in this case.  Because Gonzalez's attack on Nichols was not actuated by a purpose to serve Land Transport, it was not within the scope of Gonzalez's employment, and Land Transport may not be held vicariously liable.[4]  The

_____

[4]Land Transport also argues that it may not be held liable for Gonzalez's conduct outside the scope of employment.  See Restatement § 219(2); Costos, 137 F.3d at 48-49.  We need not address this argument because Nichols's claim is premised solely on his allegation that Gonzalez was acting within the scope of employment.

magistrate judge did not err in entering summary judgment for Land Transport.

**<u>Affirmed</u>**.