[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 00-1651

UNITED STATES,

Plaintiff, Appellee,

v.

RICHARD LABOMBARD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Richard LaBombard on brief pro se.
Paula M. Junghans, Acting Assistant Attorney General, Ann
B. Durney and Regina S. Moriarty, Attorneys, Tax Division,
Department of Justice, on brief for appellee.

December 7, 2000

**Per Curiam**. Appellant, Richard LaBombard, appeals a decision of the district court denying his motion to dismiss and granting summary judgment in favor of the United States and the court's subsequent entry of a judgment in favor of the United States in the amount of $138,857.75 plus statutory interest and penalties accrued since October 19, 1998. LaBombard complains that the district court unfairly considered what LaBombard alleges was an untimely filing submitted by the government and failed to consider what LaBombard alleges was his own timely response.

Although it appears that the government's supplemental memorandum was tardy, see district court's order of February 15, 2000, setting a deadline of 21 days, it was within the court's discretion to excuse the tardiness, if any. As for LaBombard's own response, contrary to his assertion, it appears that that response was also tardy. The mailing rule to which LaBombard refers (adding 3 days to the prescribed period) applies when a party is required to respond after *service* of a paper by the opposing party. See Fed. R. Civ. P. 6(e). The district court's February 15 order recited that LaBombard had 14 days to respond after the government's *filing* of its supplemental memorandum. See also Dist. Ct. Loc. R. 7.1(B) (reciting

that a party opposing a motion shall file an opposition within 14 days and "[t]he fourteen day period is intended to include the period specified by the civil rules for mailing time"). Because LaBombard's response was entered on the docket on the same day as the date of the court's memorandum and order, however, it appears that LaBombard's response simply was not brought to the district court's attention. Having excused the lateness of the government's filing, we assume that the court would have similarly excused any tardiness on LaBombard's part, if that filing had been brought to its attention.

In any event, we review both the denial of a motion to dismiss and the grant of summary judgment de novo. See Souza v. Pina, 53 F.3d 423, 424 (1st Cir. 1995) (motion to dismiss); Nichols v. Land Transport Corp., 223 F.3d 21, 22 (1st Cir. 2000) (summary judgment). We have reviewed the parties' briefs and the record on appeal. The allegations in the government's complaint sufficed to state a claim for which relief can be granted and there existed no genuine issue of material fact precluding entry of summary judgment in its favor. We affirm essentially for the reasons stated in the district court's memorandum and order, dated March 31, 2000.

<u>Affirmed</u>.