STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JAN 2 3 2003

**RECEIVED**

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-555

WILLIAM BRENNAN,
      Plaintiff,

v.

STONE COAST BREWING CO. and
TODD DOYLE,
            Defendants.

ORDER ON DEFENDANT STONE COAST
BREWING COMPANY'S MOTION FOR
SUMMARY JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

JAN 27 2003

## FACTUAL BACKGROUND

Defendant Stone Coast Brewing Co. (SCB) moves for summary judgment on the ground that Defendant Todd Doyle was acting outside the scope of his employment when he struck Plaintiff William Brennan and, therefore, vicarious liability, the theory under which SCB appears, does not apply.

The following facts are based upon the undisputed material facts submitted by the parties concerning the night of the alleged assault, October 24, 1999: Defendant SCB owned and operated a concession stand at the State Theater. Defendant's Statement of Material Facts (DSMF) & Plaintiff's Statement of Material Facts (PSMF) ¶ 4. Co-defendant Doyle was employed by SCB as a float manager and head doorman. Id. ¶ 5. Plaintiff was hired as a doorman. Id. ¶ 11. In September of 1999, Plaintiff was promoted to a position, in which he ran the retail store at SCB. Id. ¶ 12. Defendant Doyle had authority to supervise the employees of SCB at the SCB Restaurant and Doyle believed that he had the authority to do the same at the State Theater. Id. ¶ 7; Plaintiff's Supplemental Statement of Material Facts (PSSMF) ¶ 1. Defendant Doyle had the authority to hire and fire employees so long as he followed the correct procedures. DSMF & PSMF ¶ 9. Doyle had supervised Plaintiff on prior occasions. Id.

Plaintiff had been living with Defendant Doyle for approximately one month prior to the incident. Id. ¶ 10. On the evening of October 24, 1999, Plaintiff was scheduled to work the door at the State Theater. Id. ¶ 16; PSSMF ¶ 9. John Ochtera of SCB scheduled him to work, notwithstanding the fact that Doyle had told Ochtera to send Plaintiff home when he arrived for work. Id. ¶ 16; PSSMF ¶ 9. Doyle arrived at the State Theater, requested that two Taylor Made Security officers accompany him, engaged Plaintiff in conversation, informed him that his services were no longer needed at either SCB or the State Theater, and assaulted him. DSMF & PSMF ¶¶ 19-20; PSSMF ¶ 12. Both security officers witnessed the assault and physically escorted Plaintiff from the theater. PSSMF ¶ 14. Ochtera, Plaintiff's direct supervisor that night, suspended Plaintiff and, subsequently, management fired both men. Id. DSMF & PSMF ¶ 24.[1]

## DISCUSSION

Defendant SCB moves for summary judgment on the sole ground that Doyle was acting outside the scope of employment and, therefore, vicarious liability, does not apply. SCB misunderstands the allegations of the Complaint in arguing that *respondeat superior* is the only theory of liability alleged by the Plaintiff. Plaintiff also alleges that SCB is liable for the negligent hiring and negligent supervision of its employees. Negligent supervision is not a recognized cause of action in Maine. Napieralski v. Unity Church of Greater Portland, 2002 ME 108, ¶¶ 5-8, 802 A.2d 391 (declining to recognize the tort of negligent supervision); Hinckley v. Penobscot Valley Hosp., 2002 ME 70, ¶ 16, 794 643 (acknowledging that the Law Court has never before recognized the tort of negligent supervision and resolving the case on other grounds). Negligent hiring, which has been recognized by the Law Court in Dexter v. Town of Norway, 1998 ME 195, ¶ 10, 715 A.2d

---

[1] The dispute surrounding the effective date of the termination of both men, and whether the suspension was effective the 24th or the 25th, is immaterial for purposes of summary judgment.

169, is a claim of direct, not vicarious liability. Therefore, this order will decide the sole issue raised in SCB's motion: was Defendant Doyle acting outside the scope of his employment?

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted). The existence of an agency relationship, such as employer/employee, is a question of fact for a jury. County Forest Products v. Green Mountain Agency, Inc., 2000 ME 161, ¶ 21, 758 A.2d 59 (citing Steelstone Industries, Inc. v. North Ridge Ltd. Partnership, 1999 ME 132, ¶ 12, 735 A.2d 980). See also Williams v. Inverness Corp., 664 A.2d 1244, 1246-47 (Me.1995); Clapperton v. United States Fidelity & Guar. Co., 148 Me. 257, 266, 92 A.2d 336, 341 (1952).

Both parties rely on Nichols v. Land Transport Corp., 223 F.3d 21 (1st Cir. 2000) for the definition of *respondeat superior*. Nichols, citing the RESTATEMENT (SECOND) OF AGENCY § 228 (1), outlined the following elements of respondeat superior:

> Conduct of a servant is within the scope of employment if, but only if:
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master, and
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

Nichols v. Land Transport Corp., 223 F.3d 21, 23 (quoting RESTATEMENT (SECOND) OF AGENCY § 228 (1)). Nichols and numerous other federal cases applying Maine law rely on McLain as support for the conclusion that § 228 is the law in Maine. McLain v. Training

and Development Corp., 572 A.2d 494, 497 (Me. 1990) (finding the inclusion of a different provision of the RESTATEMENT to be harmless error, but not expressly deciding the issue of section 228 because the parties did not raise the question).[2]

Defendant relies upon two District of Columbia cases to support its proposition that there are instances when scope of employment is not a question of fact that would require submission to the jury. Brown v. Argenbright Sec., Inc. 782 A.2d 752, 758 (D.C. 2001) (holding that if there is insufficient evidence from which a reasonable juror could conclude that the action was within the scope of employment, then scope becomes a question of law for the judge)(citing Boykin v. District of Columbia, 484 A.2d 560, 561 (D.C. 1984)).[3]

There remain genuine issues of *non*-material fact in dispute regarding the factors used in determining whether to impose vicarious liability on an employer for the actions of its employee. DSMF & PSMF ¶¶ 6, 8, 13-15, 17-18; PSSMF ¶¶ 5, 6, 8, 10. See also Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560 (stating that a fact is material only when it has the potential to affect the outcome of the suit). Even if these

---

[2] RESTATEMENT (SECOND) OF AGENCY §§ 219 (2) (a)–(d) (1958) identifies four exceptions to the rule that an employer is not liable for the torts of its employees while acting *outside the scope* of employment. Id. (emphasis added). One of those exceptions is found in § 219(2)(d) which indicates that *respondeat superior* requires the employer to be held liable if the employee "purported to act or to speak on behalf of the [employer] and there was reliance upon apparent authority, *or he was aided in accomplishing the tort by the existence of the agency relationship.*" Id. § 219(2)(d)(emphasis added). See also Costos v. Coconut Island Corp., 137 F.3d 46 (1st Cir. 1998) (applying Maine law and holding that a motel manager's rape of a female guest after letting himself into her room by virtue of his access to room keys was sufficient to hold the owners liable under section 219(2)(d)). Plaintiff has consistently alleged that Doyle's conduct was within the scope of his employment, therefore, the application of section 219(2) may not be applied in the instant case. McLain v. Training and Development Corp., 572 A.2d 494, 497 (Me. 1990) (finding the inclusion of section 219 in the jury instruction to be "literal error" because the Plaintiff had premised his entire case on the theory that the Defendant was acting *within* the scope of his employment).

[3] In Brown, the court determined that a jury question existed because sexual assaults committed by a security guard conducting a search of a suspected shoplifter were not, as a matter of law, solely for the employee's benefit. Brown v. Argenbright Sec., Inc. 782 A.2d 752, 758 (D.C. 2001).

genuine issues of fact were to be decided in favor of the Plaintiff, the facts could still not support a finding that Defendant Doyle's actions were "actuated, at least in part, by a purpose to serve the master." RESTATEMENT (SECOND) OF AGENCY § 228 (1)(c) cmt. d (1958). (stating that when it is clearly indicated that the act committed is so different from an act authorized by the employer the court should answer the question of scope); Nichols v. Land Transport Corp., 223 F.3d 21 (1st Cir. 2000)(holding that under Maine law, "[i]t is not enough that the tort arises out of an employment-related dispute" and expressly distinguishing the line of cases supporting Brown (cited by Defendant), as applying a broader scope and rejecting § 228(1)(c)). Furthermore, consideration of Doyle's conduct in light of the RESTATEMENT's factors for determining whether an unauthorized act is within the scope of employment requires a conclusion that Defendant Doyle's conduct was outside the scope of employment as a matter of law. RESTATEMENT (SECOND) OF AGENCY § 229 (2) (1958). Doyle's conduct was not commonly done by employees. See id. § 229 (2)(a). Doyle's conduct was outside the business of the employer. See id. § 229 (2)(e). Doyle's conduct was not at all similar in quality to any act authorized by the employer. See id. § 229 (2)(g). Doyle's conduct represents a significant departure from the normal method of terminating an employee. See id. § 229 (2)(i). Doyle's conduct was seriously criminal. See id. § 229 (2)(j).

The entry is

Defendant Stone Coast Brewing Company's Motion for Summary Judgment is GRANTED as to Count I, and as to Count II, insofar as Plaintiff's claim of negligent supervision, but Count II remains as to the claim of negligent hiring.

Dated at Portland, Maine this 21st day of January, 2003.

Robert E. Crowley
Justice, Superior Court



| Date Filed | 10-10-01 | Cumberland | Docket No. CV-01-555 |
| | | County | |

Action     PERSONAL INJURY

|  | WILLIAM BRENNAN | | STONE COAST BREWING COMPANY |
| | | | TODD DOYLE |
| | | vs. | |

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| PAUL M. BOOTS, ESQ.<br>P.O. Box 7469<br>Portland, ME  04112-7469<br>(207) 773-0410 | ~~Grant Wilson, Pres. (Pro Se) 252-0350~~<br>~~Stone Coast Brewing Co.~~<br>~~P.O. Box 4152~~<br>~~Portland, ME 04101~~<br><br>John Barnicle, Esq. (Doyle) 729-0856<br>P.O. Box 636<br>Brunswick, ME 04011<br>CATHY S. ROBERTS, ESQ. (Stone Coast)<br>P.O. Box 4630 Portland, ME 04112 774-2500 |

Date of
Entry