**Everett Guy KIRSCH, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 25294.**

United States Court of Appeals, Ninth Circuit.

Oct. 15, 1971.

Erskine Wood (argued), of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., Sidney I. Lezak, U. S. Atty., Jack G. Collins, Asst. U. S. Atty., Portland, Or., Lawrence F. Ledebur, Chief, Admiralty & Shipping Section, Washington, D. C., for defendant-appellant.

Jack C. Ofelt (argued), Julian Herndon, Jr., Portland, Or., for plaintiff-appellee.

Before ELY and KILKENNY, Circuit Judges, and LINDBERG,* District Judge.

PER CURIAM:

Defendant was the owner and operator of the SS Occidental Victory. Plaintiff Kirsch was a crewman on the vessel. In 1968 plaintiff was injured on board when he was struck by one Hutchison, a Third Assistant Engineer. This suit for damages was then instituted. The District Court found for plaintiff on the theory that Hutchison's presence on the ship rendered it unseaworthy. This appeal followed.

Having reviewed the evidence, we conclude that it does not support the finding of unseaworthiness. We reverse.

▬ The general warranty of seaworthiness is that the vessel is "reasonably fit." The Silvia, 171 U.S. 462, 464, 19 S.Ct. 7, 43 L.Ed. 241 (1898). As applied to a seaman's temperament and ability, the warranty "is 'that he is equal in disposition and seamanship to the ordinary men in the calling.'" Stechcon v. United States, 439 F.2d 792, 793 (9th Cir. 1971), citing Keen v. Overseas Tankship Corp., 194 F.2d 515, 518 (2d Cir.), cert. denied, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363 (1952). The questions are whether the behavior was "within the usual and customary standards of the calling," or whether it was "a case of a seaman with a wicked disposition, a propensity to evil conduct, a savage and vicious nature." Boudoin v. Lykes Bros. S. S. Co., 348 U.S. 336, 340, 75 S.Ct. 382, 385, 99 L.Ed. 354 (1955). If his temperament is the latter, then the ship becomes a "perilous place." Id. It is always an issue of degree. A seaman's shipboard conduct is not measured by the same standard as the conduct of ordinary men ashore. See Boorus v. West Coast Trans-Oceanic S. S. Line, 299 F.2d 893 (9th Cir. 1962).

The altercation in this case arose when Kirsch, who was the chief steward, allegedly failed to have Hutchison's bed made up. Kirsch and Hutchison had a meeting regarding the matter. Hutchison lost his temper during the meeting and struck Kirsch twice with his fists. Kirsch fell over the raised threshold of the entranceway into the meeting room. The fight was pursued no further, and Kirsch was able to work the rest of the voyage. At no time during the argument did Kirsch try to strike Hutchison. The District Court found Hutchison's action was without cause or justification.

The record shows that Hutchison had been in three previous fist fights during his thirty year career, but all three had occurred approximately ten years before the Kirsch incident. He was involved in one further fight subsequent to the Kirsch altercation. The evidence is that none of the fights involved more than the use of hands. Each was short lived. There is no evidence of brutality or viciousness. The District Court, having listened to all the evidence, concluded "there is no question in my mind but that Bill Hutchinson [sic] is a good man. He is a good person; he is a good engineer; he has good character."

▬ We are unable to concur with the District Court that the circumstances of the five fights in Hutchison's career, in light of all the evidence, indicate a "savage" or "vicious" nature or make the ship he is aboard a "perilous place." Boudoin v. Lykes Bros. S. S. Co., supra. The conclusion that Hutchison's actions made the vessel Occidental Victory unseaworthy must be and is hereby reversed.

Upon remand, the District Court will enter its judgment in favor of the defendant, the appellant here. Reversed and remanded, with directions.

---

* The Honorable William J. Lindberg, Senior United States District Judge, Western District of Washington, sitting by designation.