**Barry James PASHBY, Appellant,**

v.

**UNIVERSAL DREDGING CORPORATION, and Anchor Barge No. 10, Official No. 554497, Appellees.**

**Nos. 77–1442, 77–1522.**

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1979.

---

**5.** Rule 23(b)(2) provides that a class action is maintainable where the conditions of subdivision (a) are satisfied and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Stuart M. Cowan, Cowan & Frey, Honolulu, Hawaii, for appellant.

William L. Fleming, Honolulu, Hawaii, for appellees.

Before TRASK and GOODWIN, Circuit Judges, and LARSON,* District Judge.

**PER CURIAM:**

Appellant Pashby was employed by appellee Universal Dredging Corporation as a deckmate. On October 5, 1973, he was working on Anchor Barge No. 10. Appellant had occasion that morning to reprimand a deckhand, one Rodriguez. Mr. Rodriguez took exception to the rebuke and a brief scuffle ensued. Forty-five minutes later, Mr. Rodriguez approached appellant from the rear without warning and assaulted and battered him with an 18 inch eye bolt, causing head, leg and hand injuries.

Appellant brought this suit under the Jones Act, 46 U.S.C. § 688, charging negligence and breach of the duty of seaworthiness. The district court awarded summary judgment to the appellees, prompting this appeal by Mr. Pashby.

Summary judgment is properly awarded only when no genuine issue of material fact remains after the facts have been examined in a light most favorable to the party opposing the summary judgment motion. *Santos v. Scindia Steam Navigation Co.,* 598 F.2d 480, 483 (9th Cir. 1979); *Blake v. City of Los Angeles,* 595 F.2d 1367, 1377 (9th Cir. 1979).

■ A vessel may be unseaworthy because of "defective" crew members. *Boudoin v. Lykes Bros. Steamship Co.,* 348 U.S. 336, 339, 75 S.Ct. 382, 99 L.Ed. 354 (1955); *Smith v. American Mail Line, Ltd.,* 525 F.2d 1148, 1150 (9th Cir. 1975). A seaman must be reasonably fit; he must be equal in disposition to the ordinary men of that profession. *Calcagni v. Hudson Waterways Corp.,* 603 F.2d 1049, 1051 (2d Cir. 1979); *Claborn v. Star Fish & Oyster Co.,* 578 F.2d 983, 985 (5th Cir. 1978), *cert. denied,* 440 U.S. 936, 99 S.Ct. 1281, 59 L.Ed.2d 494 (1979); *Harbin v. Interlake Steamship Co.,* 570 F.2d 99, 103 (6th Cir.), *cert. denied,* 437 U.S. 905, 98 S.Ct. 3091, 57 L.Ed.2d 1135 (1978); *Kirsch v. United States,* 450 F.2d 326, 327 (9th Cir. 1971); *Stechcon v. United States,* 439 F.2d 792, 793–94 (9th Cir. 1971); *Boorus v. West Coast Trans-Oceanic Steam-*

* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

*ship Line,* 299 F.2d 893, 895–96 (9th Cir. 1962).

■ The crucial and often cited questions were formulated in *Boudoin, supra,* 348 U.S. at 340, 75 S.Ct. at 385: "Was the assault within the usual and customary standards of the calling? Or is it a case of a seaman with a wicked disposition, a propensity to evil conduct, a savage and vicious nature?" An attack with a dangerous weapon has frequently been found to be evidence of a wicked and dangerous disposition. *Calcagni v. Hudson Waterways Corp., supra; Claborn v. Star Fish & Oyster Co., supra,* at 986; *Clevenger v. Star Fish & Oyster Co.,* 325 F.2d 397, 401–02 (5th Cir. 1963). The *Claborn* court went so far as to find that such an attack established unseaworthiness as a matter of law.

The nature of the assault here raises factual questions which are not properly resolved on a summary judgment motion. The judgment below is reversed and the case remanded for further proceedings.