73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert PEDERSEN, Plaintiff-Appellant,
v.
WAHKIAKUM COUNTY, WASHINGTON, Defendant-Appellee.
Robert PEDERSEN, Plaintiff-Appellee,
v.
WAHKIAKUM COUNTY, WASHINGTON, Defendant-Appellant.
 Nos. 94-35634, 94-35637.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Dec. 22, 1995.
As Amended on Denial of Rehearing Feb. 14, 1996.
 
 Before: BROWNING, RYMER, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Pedersen and his former employer, Wahkiakum County, cross-appeal following a bench trial in Pedersen's maritime tort suit. We affirm in part, reverse in part, and remand for a recalculation of damages.
 
 I.
 
 3
 The County argues the district court lacked jurisdiction. The district court had jurisdiction if Pedersen was injured "in the course of his employment." Braen v. Pfeifer Transportation Co., 361 U.S. 129, 132-33 (1959); 46 App. U.S.C. Sec. 688. Although the County contends the district court should not have relied on Pedersen's "subjective" belief and "self-serving" testimony that the conditions to jurisdiction were satisfied, the County presented no contradictory "objective" evidence. The district court did not err in finding it had jurisdiction.
 
 II.
 
 4
 Pedersen argues the County was vicariously liable for Peek's intentional assault under the doctrine of respondeat superior. If Pedersen raised such a claim below, he failed to produce evidence to support it. Pedersen's reliance on cases holding employers liable when supervisors assault subordinates is misplaced. See, e.g., Jamison v. Encarnacion, 281 U.S. 635, 638 (1930) (foreman assaulted a member of crew "to hurry him about the work"). Peek was not Pedersen's supervisor, and disciplining Pedersen was not part of Peek's job. The district court properly rejected Pedersen's respondeat superior claim.
 
 III.
 
 5
 Pedersen argues the district court erred in finding him negligent. He contends seaman generally have only a "slight duty" to use reasonable care, and the district court held him to a higher standard. The district court held only Pedersen should have refrained from making sarcastic, gratuitous, and vaguely threatening remarks in a volatile situation. Pedersen argues he could not have foreseen that his conduct would lead to Peek's assault. The district court was entitled to disagree. If, as Pedersen contends and the district court found, the County should have foreseen the assault, Pedersen should have foreseen it also.
 
 
 6
 Pedersen argues the district court erroneously applied principles governing assumption of risk, rather than comparative negligence. We disagree. Although the County required the two men to see each other at shift changes, no evidence contradicts the district court's finding that "Pedersen could have avoided the confrontation by simply turning over his responsibilities to Peek and getting in his car."
 
 IV.
 
 7
 Pedersen contends the district court erred in holding the ferry was seaworthy. Substantial evidence supports the finding that Peek did not have "a wicked disposition, a propensity to evil conduct, [or] a savage and vicious nature." Boudoin v. Lykes Bros. Steamship Co., 348 U.S. 336, 340 (1955). The record indicates Peek did not intend to harm Pedersen, did not use a weapon, and was provoked, and that Pedersen would not have been harmed severely but for his preexisting condition. See e.g., Kirsch v. United States, 450 F.2d 326, 327 (9th Cir.1971) (crewmember who lost his temper and punched shipmate twice is not defective as a matter of law).
 
 V.
 
 8
 A. Medical Expenses.
 
 
 9
 At the district court's suggestion, the parties agreed to resolve the dispute over Pedersen's medical damages in a special hearing. However, the district court did not hold the hearing, and the County did not have an adequate opportunity to challenge Pedersen's medical expenses. We vacate the award of medical damages and remand so the hearing on medical expenses may be held.
 
 
 10
 B. Wages Lost Before The Barge Collision.
 
 
 11
 The district court found the attack caused Pedersen to miss work before the barge accident, but reduced these damages by an additional 25% to account for Pedersen's pre-existing condition. The district court did not find, and nothing in the record suggests, that Pedersen would have missed these days of work if he had not been assaulted. The district court erred by discounting the wages Pedersen lost before the accident.
 
 
 12
 C. Earnings Lost After The Barge Collision.
 
 
 13
 The district court found the barge accident, not Peek's attack, ended Pedersen's skipper's career. Although Pedersen contends his injuries caused the barge accident, substantial evidence supports the district court's finding to the contrary. Pedersen also argues that because Peek attacked him before the barge accident, the assault alone caused his loss under Buchalski v. Universal Marine Corp., 393 F.Supp. 246 (W.D.Wash.1975). However, Pedersen was not an innocent victim of another force or another tort, like the heart attack victim in Buchalski; he negligently rammed the County's ferry into a barge in mid-river on a clear day. Under these circumstances, the district court did not clearly err in finding the barge collision alone caused Pedersen to lose his skipper's job.
 
 
 14
 However, the district court did not explain its finding that Peek's attack reduced Pedersen's earning capacity by $10,000 per year. The district court did not find what Pedersen would have earned over those years but for Peek's attack, and did not address Pedersen's duty to mitigate damages. Consequently, neither the County nor Pedersen can meaningfully appeal the award. We therefore vacate the award of earnings lost following the barge collision and remand so the district court may make the factual findings underlying the award. Lumbermen's Underwriting Alliance v. Can-Car, Inc., 645 F.2d 17, 18-19 (9th Cir.1980).
 
 Pain And Suffering
 
 15
 In light of all of the medical evidence, the district court did not clearly err in calculating Pedersen's damages for pain and suffering. The district court understood "the well-settled tort principle that a tortfeasor takes the plaintiff as he finds him," ER 75, and concluded Pedersen would have endured pain and suffering from his pre-existing medical and emotional conditions even if Peek had not attacked him.
 
 
 16
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3