Edwin TORRES, Plaintiff–Appellee,

v.

CARIBBEAN FISHING COMPANY, INC., Starkist Foods, Inc. and the M/V Fuiono, Defendants–Appellants,

and

DOES 1—50, Defendants.

No. 01–55263.

D.C. No. CV–98–00828–(JSR).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 2002.

Decided Feb. 6, 2002.

Before SCHROEDER, Chief Judge, MCKEOWN, Circuit Judge, and ZILLY, District Judge.*

MEMORANDUM **

Appellants Caribbean Fishing Co., Inc., Starkist Foods, Inc., and the M/V Fuiono (collectively "the vessel") appeal the district court's judgment that the vessel was unseaworthy and that Appellee Edwin Torres is entitled to an award of maintenance and cure. We REVERSE in part and AFFIRM in part.

The district court's findings of fact are reviewed for clear error. *See Diamond v. City of Taft*, 215 F.3d 1052, 1055 (9th Cir.2000) *cert. denied* 531 U.S. 1072, 121 S.Ct. 763, 148 L.Ed.2d 665 (2001). The

---

* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court's conclusions of law are reviewed de novo. *See Cigna Property and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998). Whether the doctrine of maintenance and cure applies to a given set of facts is a question of law reviewed de novo. *See Sana v. Hawaiian Cruises, Inc.,* 181 F.3d 1041, 1044 (9th Cir.1999).

 A vessel is unseaworthy if a member of the crew has a wicked disposition, a propensity to evil conduct, a savage and vicious nature. *See Boudoin v. Lykes Bros. S.S. Co.,* 348 U.S. 336, 340, 75 S.Ct. 382, 99 L.Ed. 354 (1955). The district court made extensive findings of fact regarding Lui's conduct prior to and during the incident with Torres. However, the facts as found by the district court do not support the legal conclusion that the vessel was unseaworthy due to Lui's presence on the vessel. The specific incidences of fighting in Lui's past do not reflect a vicious nature unequal to that of "the ordinary men in the calling." *Kirsch v. United States,* 450 F.2d 326, 327 (9th Cir.1971). Further, the fight between Lui and Torres does not itself make the vessel unseaworthy but only provides facts by which to measure Lui's disposition. It is significant that Lui did not provoke the fight but was reacting in self-defense of Torres' unprovoked knife attack. The district court erred in concluding that the vessel was unseaworthy under the facts of this case.

 The district court allocated fifty percent responsibility for Torres' injuries to both Torres and Lui. The district court did not err in awarding Torres maintenance and cure because his willful misconduct was not the sole cause of his injuries. *See Aguilar v. Standard Oil Co. of New Jersey,* 318 U.S. 724, 730–31, 63 S.Ct. 930, 87 L.Ed. 1107 (1943).

The Court denies Appellants' Request for Judicial Notice. Each party shall be responsible for its own costs on appeal.

AFFIRMED in part and REVERSED in part.