Eddison C. CAMACHO, a seaman, Plaintiff–Appellant,

v.

ICICLE SEAFOODS, INC., an Alaska corporation; Northern Victor F/V, a vessel, her engines, equipment, tackle and appurtenances, In Rem; Evening Star Inc, Defendants–Appellees.

No. 05–35324.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Nov. 7, 2006.

Horton Smith, Felix, Zimmar & Smith, Inc., Seattle, WA, for Plaintiff–Appellant.

Kara Heikkila, Esq., Holmes Weddle & Barcott, Seattle, WA, for Defendants–Appellees.

Before: D.W. NELSON and PAEZ, Circuit Judges, and RAFEEDIE *, District Judge.

MEMORANDUM **

Camacho appeals the district court's summary judgment in favor of Icicle Seafoods, Inc., in his suit for recovery under the Jones Act, 46 App. U.S.C. § 688(a), and the admiralty common law doctrines of unseaworthiness and maintenance and cure. Because Camacho failed to produce evidence from which a reasonable fact finder could find in his favor at trial on the Jones Act and unseaworthiness claims, we affirm the district court's dismissal of these two claims. We conclude, however, that the record contains evidence of a material issue of fact whether Camacho is entitled to damages for maintenance and cure. We therefore reverse the district

* The Honorable Edward Rafeedie, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

court's order dismissing this claim and remand for trial.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's grant of summary judgment, which we review *de novo. Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is not warranted if a material issue of fact exists for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995). We must view the underlying facts in the light most favorable to the party opposing the motion, here Camacho. *Ribitzki v. Canmar Reading & Bates, Ltd.*, 111 F.3d 658, 662 (9th Cir.1997).

*I. Jones Act Negligence*

■ The district court correctly dismissed Camacho's claims for recovery under the Jones Act, which creates a cause of action in negligence for a crew member who suffers personal injury in the scope of his or her employment. *See Ribitzki*, 111 F.3d at 662.

Camacho alleged that his injury resulted from a conspiracy by other employees, including a supervisor, but he produced no evidence to support such a theory beyond his own conjecture during deposition and inadmissible expert evidence on "skylarking." Without other evidentiary support, Camacho's allegations cannot defeat summary judgment, because a party's "speculation does not create a factual dispute." *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir.1995) (holding that a plaintiff's allegation that defendants *may have* read his mail did not create dispute of material fact).

*II. Unseaworthiness*

■ The doctrine of unseaworthiness provides a private right of action to a "seaman who is injured by" an unseaworthy ship. *Herman v. Tidewater Pac., Inc.*, 160 F.3d 1239, 1242 (9th Cir.1998); *see also Ribitzki*, 111 F.3d at 664–65. The guarantee of seaworthiness includes safety from one's crew. *Boudoin v. Lykes Bros. S.S. Co.*, 348 U.S. 336, 339–40, 75 S.Ct. 382, 99 L.Ed. 354 (1955). As applied to crew members, the employer's obligation to guarantee seaworthiness requires only that each crew member be "equal in disposition and seamanship to the ordinary men in the calling." *Kirsch v. United States*, 450 F.2d 326, 327 (9th Cir.1971) (citations omitted). A crew member's misconduct rises to the level of unseaworthiness only when it demonstrates "a savage and vicious nature." *Boudoin*, 348 U.S. at 340, 75 S.Ct. 382.

Camacho argues that Icicle Seafoods breached the warranty of seaworthiness because other crew members caused him to suffer an injury. Accepting Camacho's deposition testimony describing the incident as true, Camacho has not presented sufficient evidence of "savage and vicious" acts to support this claim for relief. *Compare Boorus v. West Coast Trans–Oceanic S.S. Line*, 299 F.2d 893, 896 (9th Cir.1962) (holding that a five-minute fistfight did not constitute unseaworthiness) *with Boudoin*, 348 U.S. at 339–40, 75 S.Ct. 382 (holding that ship was unseaworthy when a crew member attacked his mate with a broken bottle and a knife) *and Pashby v. Universal Dredging Corp.*, 608 F.2d 1312, 1314 (9th Cir.1979) ("An attack with a dangerous weapon ... [is] evidence of a wicked and dangerous disposition.").

*III. Maintenance and Cure*

■ "Maintenance and cure is the obligation to care for a seaman injured during the course of maritime employment." *Kopczynski v. The Jacqueline*, 742 F.2d 555, 559 (9th Cir.1984). Regardless of fault, a shipowner is required to pay for the maintenance and cure of a crew member who is injured in the service of the

vessel; recovery for maintenance and cure "is in no sense predicated on the fault or negligence of the shipowner." *Aguilar v. Standard Oil Co.,* 318 U.S. 724, 730, 63 S.Ct. 930, 87 L.Ed. 1107 (1943). *See also Crooks v. United States,* 459 F.2d 631, 632 (9th Cir.1972).

Camacho has produced evidence from which a reasonable jury could conclude that he sustained an injury to his knee and that the injury occurred during his shift as a fire watch aboard the Northern Victor F/V. Icicle Seafoods' own evidence that if an injury in fact occurred, it happened during his two-week leave, presents a factual dispute suitable for resolution at trial.

Notwithstanding this material issue of fact, the district court dismissed Camacho's claim for maintenance and cure pursuant to Local Rule 7(b)(2), which authorizes a court to consider a party's "fail[ure] to file papers in opposition to a motion ... as an admission by the party that the motion has merit." Although Camacho filed an opposition to Icicle Seafoods' Motion for Summary Judgment, he did not specifically address Icicle Seafoods' argument that it was entitled to judgment on Camacho's claim for maintenance and cure. Camacho did, however, produce evidence sufficient to support this claim.

Granting summary judgment "simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, [is] inconsistent with [Fed.R.Civ.P.] 56." *In re Rogstad,* 126 F.3d 1224, 1227 (9th Cir.1997). The district court was required to examine the record before dismissing the maintenance and cure claim. Had it done so, it would have determined that Camacho produced evidence from which a reasonable fact finder could conclude that he suffered an injury while he was in service of the vessel. We reverse the grant of summary judgment on this claim and remand for trial.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

Appellant shall recover costs on appeal.