**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMSON ILI, | No. 09-35000 |
| Plaintiff - Appellant, | D.C. No. 2:07-CV-01275-MJP |
| v. | |
| AMERICAN SEAFOODS CO., LLC, AMERICAN TRIUMPH, LCC, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted November 6, 2009
Seattle, Washington

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

Samson Ili has two causes of action at issue on appeal: negligence under the

Jones Act, 46 U.S.C. § 30104, and unseaworthiness under maritime common law,

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 547-50 (1960). There are triable issues of material facts as to whether requiring a 16-hour work day, seven days a week, for months at a time, is negligent or creates an unseaworthy condition; and whether such negligence or unseaworthiness caused Ili to fall when the ship rolled during the last hour of his 16-hour shift. The district court granted American Seafoods' motion for summary judgment on these claims. We reverse and remand.

Ili's Jones Act claim has four elements: (1) the employer's duty to provide a safe work environment to its seaman employee; (2) breach of that duty; (3) the employer's awareness of the unsafe condition; and (4) a causal link, however slight, between the breach and the seaman's injury. Ribitzki v. Canmar Reading & Bates, Ltd., 111 F.3d 658, 662-64 (9th Cir. 1997). There is no dispute that Ili is a seaman and that American Seafoods owes him a duty to provide a safe work environment. It is also undisputed that American Seafoods was aware that it required 16-hour shifts, with no days off, for months at a time, on Ili's boat, the F/T American Triumph. The disputed issues are whether the shift length created an unsafe work environment and whether the long shift was a cause, however slight, of Ili's injury.

In his opposition to summary judgment, Ili pointed to the deposition of American Seafoods employee Alan Davis. Davis stated that other boats use 12-hour and 14-hour shifts and that the company was experimenting with shorter shifts to see if those shifts are better for the seamen. Davis also stated that the 16-hour shifts were shocking to him when he first entered the industry but that he grew to accept them as industry standard. Even if 16-hour shift is industry standard, that does not establish a lack of negligence as a matter of law. See The T.J. Hooper, 60 F.2d 737, 740 (2d Cir. 1932) (L. Hand, J.). A reasonable jury could conclude that requiring Ili to work a 16-hour shift was a breach of American Seafoods' duty to provide a safe work environment. Pointing to Davis's deposition testimony is sufficient to survive summary judgment.

Ili established sufficient causation to survive summary judgment on the Jones Act claim as well. The standard for causation in Jones Act claims is very low, and requires only that the negligence be a cause, however slight, of the injury. Rogers v. Missouri Pacific Railway Co., 352 U.S. 500, 506 (1957). Ili fell during the final hour of his 16-hour shift. He had previously complained to American Seafoods that his shift was too long and caused him to be exhausted. His job involved lifting and flipping 70-pound trays of frozen fish. At the time of his

3

injury, the boat rolled and Ili tried to shift his weight when his legs gave out under him. This is sufficient to establish a genuine issue of material fact whether the length of his shift played any role, however slight, in causing his fall and his subsequent injury. This district court erred in granting summary judgment on the Jones Act claim.

Ili's unseaworthiness claim has four elements: (1) seaman status triggering the warranty of seaworthiness; (2) an injury arising from the condition of the ship or its crew; (3) the unseaworthiness of that condition; and (4) proximate causation between the unseaworthy condition and the injury. Ribitzki, 111 F.3d at 664. Again, it is undisputed that Ili is a seaman and thus entitled to a warranty of seaworthiness. The disputed issues are whether the length of Ili's shift is an unseaworthy condition and whether the shift length proximately caused Ili's injury.

Lack of adequate crew is a basis for unseaworthiness. Id.; American President Lines, Ltd. v. Welch, 377 F.2d 501, 504 (9th Cir. 1967). Requiring a ship's crew to work 16 hours a day, every day, for months on end can indicate that the ship is not adequately manned with crew to perform its duties in a seaworthy manner. Whether the length of shift and size of the crew are unseaworthy is

4

decided by the trier of fact.  E.g., Pashby v. Universal Dredging Corp., 608 F.2d 1312, 1313-14 (9th Cir. 1979) (per curiam).  The trier of fact in this case is a jury because Ili invoked his right to a jury trial under the Jones Act.  See Fitzgerald v. U.S. Lines, Co., 374 U.S. 16, 20-21 (1963).

Unseaworthiness requires a higher degree of causation than does a Jones Act negligence claim.  See Ribitzki, 111 F.3d at 664.  Whether the alleged unseaworthiness of requiring the crew to work 16-hour shifts every day was a substantial factor in causing Ili's fall is a question for the jury.  The same evidence that supports Ili's Jones Act claim also supports his unseaworthiness claim.  The district court erred in granting summary judgment on the unseaworthiness claim.

Because the Jones Act and unseaworthiness claims could be based on a combination of ingredients, and further analysis and factual development by counsel may put the facts in a different light, we reverse the summary judgment in full, rather than parsing it and affirming in parts.

The district court did not abuse its discretion when it rejected Ili's request to extend the time to file expert reports.  The motion to extend time was filed in

5

September 2008, but the deadline for filing expert reports was in June 2008.

However, given that we remand for further proceedings, the district court may find

it appropriate to allow Ili to file his expert reports and for the parties to perform

any additional discovery necessary to respond to those reports.


      **REVERSED and REMANDED.**